**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ronald E. WILLIAMS,**
**Defendant–Appellant.**

**No. 89–3371.**

United States Court of Appeals,
Sixth Circuit.

Submitted Dec. 18, 1989.

Decided April 6, 1990.

Robert A. Behlen, Jr., Asst. U.S. Atty., Cincinnati, Ohio, for plaintiff-appellee.

Deanna L. Dennison, Covington, Ky., for defendant-appellant.

Before KEITH and KENNEDY, Circuit Judges, and BROWN, Senior Circuit Judge.

KEITH, Circuit Judge.

Defendant Ronald E. Williams ("Williams") appeals from the district court's April 24, 1989 judgment and commitment order convicting him of possession with intent to distribute one kilogram of cocaine. For the foregoing reasons we

VACATE the judgment of the district court and REMAND for resentencing.

## I.

From approximately November 17, 1988 to December 16, 1988, Williams, a resident of Hollywood, Florida, had several telephone conversations with Nelson Tilley of Cincinnati, Ohio concerning the purchase and sale of cocaine. On December 16, 1988, Williams and his co-defendant Eugene Winn ("Winn") travelled from Hollywood, Florida to Cincinnati, Ohio bringing with them one kilogram of cocaine. They arrived in Cincinnati on December 17, 1988. On that day, Williams and Winn went to the Holiday Inn, located at Eighth and Linn Streets in Cincinnati, and sold one kilogram of cocaine to an undercover federal agent, Kenneth Morrow, for $23,500. After his arrest, Williams agreed to cooperate with the Drug Enforcement Administration agents (hereinafter "DEA agents"). Williams informed the DEA agents that a second kilogram of cocaine was in the trunk of his car. On January 3, 1989, Williams was charged in a one-count information with possession with intent to distribute one kilogram of cocaine, in violation of 21 U.S.C. § 841(a)(1). No other information was either filed or submitted to the court.

Williams made his initial appearance before the court on January 3, 1989, at which time he agreed to enter a guilty plea. Prior to accepting Williams' guilty plea, the court informed him of his constitutional rights.[1] The court also informed Williams that he was charged with the distribution of cocaine, but it failed to explain: the amount of cocaine he was charged with distributing; the consequences of his pleading to a particular amount; and, what the government would have to prove in order to convict him. Although the court explained to Williams that under the United States Sentencing Commission Guidelines[2]

he was not eligible for parole, it failed to inform him, pursuant to Federal Rule of Criminal Procedure 11, that if he pled guilty he would face a minimum eight year term of supervised release. Guilty Plea of Ronald Williams (hereinafter "Williams' Plea") at 6–9. The court assured Williams that he would be sentenced according to the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq., and the Guidelines. Williams was unaware that he would be sentenced according to the statutory provisions.

On the other hand, the government failed to inform Williams that an enhanced penalty could be imposed if he had any prior felony convictions. Moreover, Williams did not know that the government considered him a prior felony offender. *Id.*

Prior to Williams' appearance in court, a plea agreement was prepared. It provided in pertinent part:

1. Defendant Ronald Williams will waive indictment by the Grand Jury and will enter a plea of guilty to the one-count Information, charging him with distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1). This offense carries a penalty of not less than 10 years in prison to life in prison, a fine of up to $4,000,000, or both, a mandatory $50.00 assessment, and a term of supervised release of at least eight years....

3. ... [T]he United States Attorney for the Southern District of Ohio will not file any additional charges involving controlled substances against the defendant Ronald Williams....

5. The parties [ ] state, pursuant to the Sentencing Guidelines § 6B1.2 4(a), that the one-count information adequately reflects the seriousness of the actual offense behavior.... and that acceptance of this Plea Agreement by the Court will not undermine the statutory purpose of sentencing....

---

**1.** The court informed Williams of his rights: to plead not guilty and persist in that plea; to a presumption of innocence; to assistance of counsel; to a trial by jury; to freedom from self-incrimination; to confront witnesses who testify against him; and to require the govern-

ment to prove him guilty beyond a reasonable doubt. Guilty Plea of Ronald Williams at 9.

**2.** United States Sentencing Commission, *Guidelines Manual,* (Nov.1989) (hereinafter "Guidelines").

6. Defendant Ronald Williams understands that the Stipulation constitutes a non-binding recommendation to the Court as provided in the Sentencing Guidelines, § 6B1.4(d). Defendant Ronald Williams understands that ... the Court may determine that the offense level outlined is not appropriate, and ... may make an upward or downward departure outside the ... applicable Guidelines. In that event, defendant Ronald Williams understands that he shall not have the right to withdraw his plea of guilty.

Plea Agreement at 1-4.

A stipulation was also prepared, wherein the parties agreed that under the Guidelines, § 2D1.1(a)(3), Williams' applicable offense level was 26. Stipulation at 2. The parties further agreed that Williams qualified for a two-point reduction in his offense level due to his acceptance of his responsibility in the offense. Therefore, Williams' adjusted offense level was 24. The stipulation did not provide, however, that the penalty for the offense would be ten years. Stipulation at 1-3.

A summary of both the plea agreement and the stipulation were read into the record. The government failed to read that portion of the agreement wherein the parties agreed that the offense carried a penalty of not less than ten years to life imprisonment.

During his appearance, the court inquired whether Williams had heard the plea agreement and stipulation as they were read into the record, and whether it was his understanding that they represented the *total* and *complete* plea agreement. Williams acknowledged that what was read into the record was the complete plea agreement *even though* the mandatory statutory minimum sentence of ten years was not mentioned. Nevertheless, the court accepted Williams' guilty plea, finding that he understood the nature of the charge against him, the mandatory statutory minimum and the possible maximum penalty under the law and the Guidelines.

On February 7, 1989, the presentence report was disclosed to Williams. The government and Williams objected to the probation officer's inclusion of the second kilogram of cocaine in calculating the guideline offense level. Although not included in the stipulation, the parties had agreed that the second kilogram of cocaine could not be used to enhance Williams' sentence because it was found pursuant to information Williams had provided after he agreed to cooperate. The presentence report, however, calculated Williams' sentence based upon two kilograms of cocaine. Thus, he received an offense level of 28— four levels higher than the stipulation provided. In accordance with the plea agreement and the stipulation, at an offense level of 24, Williams' Guideline range was 51 to 63 months. Yet, under the presentence report the Guideline range was 63 to 78 months. Written objections were filed.

At Williams' sentencing hearing on April 21, 1989, the court inquired whether counsel wished to challenge any of the facts in the presentence report. Williams' counsel reasserted his objection pertaining to the second kilogram of cocaine. The court ignored counsel's objection and continued with the sentencing proceedings.

Williams was sentenced to ten years imprisonment, eight years of supervised release and a special assessment fee of $50.00. In closing, the court commented: "This man has a previous record in narcotics. He didn't learn his lesson then. I am unwilling to take any chances with him now. Those who wish to deal in narcotics will do so at their peril." Sentencing at 10.

On appeal, Williams contends that the district court erred in sentencing him to increased punishment by reason of a prior conviction because not only did the government fail to file an information, pursuant to 21 U.S.C. § 851, but also it failed to provide Williams with notice of the possibility of being sentenced under an enhanced penalty provision. Williams also argues that the court failed to insure the accuracy and voluntariness of his plea as required under Federal Rules of Criminal Procedure 11 and 32. Therefore, Williams contends that the case should be remanded for resentencing.

## II.

■ Williams maintains that the government failed to notify him that a prior felony conviction[3] would be used to enhance his sentence. Section 851 provides, in pertinent part:

(a)(1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1). Since the information must state the previous convictions "to be relied upon", this scheme permits prosecutorial discretion to seek enhancement of a sentence. "[I]t is up to the United States attorney to seek enhancement if a sentence is to be enhanced." *United States v. Noland*, 495 F.2d 529, 533 (5th Cir.), *cert denied*, 419 U.S. 966, 95 S.Ct. 228, 42 L.Ed.2d 181 (1974).

If the United States attorney files an information under this section, the court, after conviction yet before the pronouncement of sentence, shall inquire whether the defendant affirms or denies that he has been previously convicted as alleged and shall inform him that any challenge to a prior conviction that is not made before sentence is imposed may not thereafter be raised to attack the sentence. *See United States v. Olson*, 716 F.2d 850, 851 (11th Cir.1983); 21 U.S.C. § 851(b). If the defendant denies any of the allegations contained in the information, or claims that any conviction is invalid, he must file a written response and serve it on the United States attorney, and the court must hold a hearing to resolve the issues raised by the response. *Olson*, 716 F.2d at 851; 21 U.S.C. § 851(c)(1).

■ None of the safeguards mandated by Section 851 were provided in this case. The January 3, 1989 information failed to provide any notification of an enhanced sentence, and the government failed to file a subsequent information. Williams had absolutely no notice of an enhanced sentence. In its brief, the government contends that it did not file a notice pursuant to Section 851 because Williams agreed in the plea agreement that an enhanced penalty applied. We find the government's argument disingenuous, as there is no provision in either the plea agreement or the stipulation indicating that Williams knew about or agreed to an enhanced penalty. Moreover, even if Williams agreed to an enhanced penalty, the wording in Section 851 makes its provisions *mandatory*:

[T]he statute prohibits an enhanced sentence unless the Government seeks it and requires that to obtain enhancement, the Government *must file an information prior to trial.* Provision for enhanced sentencing is a legislative decision, and the procedure the legislature prescribes to effectuate its purpose *must be followed.*

*Noland*, 495 F.2d at 533. (emphasis added.)

The government admits that it did not carry out the procedures mandated in Section 851. Because the government did not file an information to enhance Williams' sentence, it is not surprising that the district court did not: inquire whether Williams affirmed or denied the prior conviction alleged by the government; inform Williams that if he did not challenge the conviction before sentencing he could not challenge it later; or file a written denial under 21 U.S.C. § 851(c)(1). Since these procedures are mandatory, Williams must be resentenced in accordance with Section 851.

## III.

■ Williams contends that at the sentencing hearing, the district court listened

---

**3.** The government alleges that in June 1984, Williams was convicted of cocaine possession in Broward County, Florida. Williams maintains that the state court withheld adjudication of guilt on that conviction. No admonishment was given to Williams and a conviction was eventually accomplished by a guilty plea. Therefore, Williams argues, under Florida law it would not qualify as a conviction.

to his challenges pertaining to information in the presentence report but ignored them. Williams argues that the district court failed to make a finding as to the allegations in dispute as they were not taken into account as required under Federal Rule of Criminal Procedure 32(c)(3)(D).

Whenever a defendant disputes a fact included in a presentence report, Rule 32(c)(3)(D) requires that the sentencing court either resolve the dispute, or determine that it will not rely on the disputed material. *See United States v. Urian*, 858 F.2d 124, 127 (3rd Cir.1988); *United States v. Gomez*, 831 F.2d 453, 455 (3rd Cir.1987). Rule 32(a)(1) and (c)(3)(D) provide in pertinent part:

(a) Sentence.

(1) Imposition of Sentence ... At the sentencing hearing, the court *shall* afford the counsel for the defendant and the attorney for the Government an opportunity to comment upon the probation officer's determination and on other matters relating to the appropriate sentence....

\* \* \* \* \* \*

(D) If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them *allege any factual inaccuracy in the presentence investigation report* or the summary of the report or in part thereof, the court *shall*, as to each matter contro-

verted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.

Fed.R.Crim.P. 32(a)(1), (c)(3)(D) (emphasis added). Here, Williams objects to the presentence report because the second kilogram of cocaine should not have been considered in calculating his Guideline range as it was discovered *after* he agreed to cooperate with the DEA agents. Although the court inquired whether Williams wished to challenge any of the facts in the presentence report, it simply ignored Williams' exceptions and continued with the sentencing proceedings.[4] The dispute at issue here is the type contemplated by Rule 32(c)(3)(D). We find the district court erred when it relied on the information in the presentence report without resolving the disputed issue and sentencing Williams on inaccurate information.

## IV.

▪ Williams contends that the district court erred in failing to comply with Federal Rule of Criminal Procedure 11 before accepting his guilty plea.[5] Specifically,

---

4. The exchange between the court and Williams' counsel, Mr. William J. Hagedorn, provides:

THE COURT: Mr. Hagedorn, have you had an opportunity to read the pre-sentence report?
MR. HAGEDORN: Yes, Your Honor.
THE COURT: As a result of your discussion, do you wish to challenge any facts in the pre-sentence report?
MR. HAGEDORN: No, Your Honor.
THE COURT: Is there any reason why sentence should not be imposed at this time?
MR. HAGEDORN: *Your Honor, may I correct myself on that?*
THE COURT: Yes.
MR. HAGEDORN: *I have filed an exception to the use of an additional cocaine, kilo of cocaine in the sentencing, and the United States Attorney has joined in with my exception to that. So I have challenged it.*
THE COURT: Is there any reason why sentence should not be imposed at this time?
Sentencing at 3 (emphasis added).

5. Federal Rule of Criminal Procedure 11 provides, in pertinent part:

(c) Before accepting a plea of guilty ... the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of supervised release and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense ...
(d) The Court shall not accept a plea of guilty ... without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead

Williams argues that the district court did not: inform him of the mandatory minimum term of supervised release that would be imposed; insure that his guilty plea was voluntary, and; insure that he was informed of the nature of his offense. From a thorough analysis of the record, we find that the district court sufficiently informed Williams of each of the above except the term of supervised release.[6] Although the district court did not inform Williams of the mandatory minimum term of supervised release, we find this error harmless. *See* Fed.R.Crim.P. 11(h) (providing that "[A]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."); *see also United States v. Carey*, 884 F.2d 547, 549 (11th Cir.1989) ("Although the court erred in failing to inform appellant of [his mandatory term of supervised release] ... we are convinced that no substantial right of the appellant was affected.").[7]

In the present case, the plea agreement provided Williams with notice of the supervised release requirement. *See* Plea Agreement at 1. Williams does not contend that he was unaware of the term of supervised release mandated by his plea. Moreover, Williams does not argue that he would not have pled guilty had the court informed him, in open court, of the mandatory minimum term of supervised release. Given the plea agreement's explicit supervised release requirement, we find that the district court's failure to mention it is harmless.

### V.

A defendant must be aware of the direct consequences of his plea. The government's failure to notify Williams

that an enhanced penalty would be imposed if he had prior felony convictions, and the district court's failure to resolve the dispute concerning the presentence report as required under Rule 32(c)(3)(D), affected Williams' substantial rights. Such errors are not harmless, and cannot be overlooked.

For the foregoing reasons, the case is REMANDED with instructions to VACATE the sentence and to permit Williams to plea anew in accordance with the aforementioned rules.

---

guilty ... results from prior discussions between the attorney for the government and the defendant or the defendant's attorney. Fed.R.Crim.P. 11(c)(1).

6. The district court questioned Williams to glean the voluntariness of his plea. *See* Williams' Plea at 13. Furthermore, Williams pled guilty to the indictment which charged him with distributing one kilogram of cocaine; therefore, he knew the nature of his offense.

7. Subsection (h) was added by the 1983 amendments to Rule 11 to avoid the strict adherence to Rule 11 standards as advocated by *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). In *McCarthy*, the Court explained that "prejudice inheres in a failure to comply with Rule 11, for noncompliance deprives the defendant of the Rule's procedural safeguards that are designed to facilitate a more accurate determination of the voluntariness of his plea." *Id.* at 471–72, 89 S.Ct. at 1173.