**UNITED STATES of America, Appellee,**

v.

**Ricky Lee BYRD, Appellant.**

No. 92–3175.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 13, 1993.

Decided Jan. 20, 1993.

Michael B. Crew, Sioux Falls, SD, for appellant.

Bonnie P. Ulrich, Sioux Falls, SD, for appellee.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and REAVLEY,* Senior Circuit Judge.

PER CURIAM.

Ricky Lee Byrd appeals the ten-month sentence imposed by the district court [1] following his guilty plea to uttering an altered Social Security check in violation of 18 U.S.C. § 495. We affirm.

On June 13, 1991, Byrd altered his $200 Social Security disability check, making it payable for $1,200. He cashed the check the same day at the First Bank of South Dakota. Following his guilty plea, the presentence report (PSR) calculated Byrd's total offense level as 4 and his criminal history category as V, yielding a sentencing range of four to 10 months. Because Byrd's minimum term of imprisonment was less than six months, he was eligible for probation under U.S.S.G. § 5B1.1(a)(2), provided that the court also impose a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention as provided in section 5C1.1(c)(2). The PSR observed that Byrd had been undergoing psychological therapy with his mother and two sisters, and that he was receiving medical treatment for a number of physical ailments.

At sentencing, counsel requested that the court impose a term of probation with an appropriate condition of confinement.

---

* The HONORABLE THOMAS M. REAVLEY, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

1. The Honorable John B. Jones, Chief Judge, United States District Court for the District of South Dakota.

Counsel pointed out that Byrd had sought therapy, that he had been involved in a series of operations and was scheduled to return to Rochester, Minnesota, later that month for additional surgery, and that incarceration would disrupt his physical and psychological treatment. The district court declined defendant's request, citing Byrd's extensive criminal history. The court did, however, state that, "In view of your treatment in Rochester, it's the Court's view that you probably will be assigned to the federal prison in Rochester, Minnesota and the Court will so recommend." (Sent. tr. at 9.)

On appeal, Byrd contends that the district court failed to consider the need for the sentence imposed to provide him with necessary medical care as required by 18 U.S.C. § 3553(a)(2)(D). The government responds that the district court took Byrd's medical condition into account and designated his place of confinement as Rochester to facilitate his continuing medical treatment.

Section 3553(a)(2)(D) instructs district courts to consider "the need for the sentence imposed ... to provide the defendant with needed ... medical care." Therefore, Byrd's claim that the district court failed to consider this factor is subject to appellate review. *See United States v. Onwuemene*, 933 F.2d 650, 651 (8th Cir.1991). The claim is meritless, however. The district court was aware of Byrd's medical problems, but refused to sentence him to probation because of his extensive criminal history. The district court did not err in doing so because section 3553(a)(1) requires the district court, in determining the sentence to impose, to consider the "history and characteristics of the defendant." Moreover, the court considered Byrd's medical needs by recommending that he be incarcerated in Rochester, where he had been undergoing medical treatment, so he could continue his treatment with the same medical personnel.

Accordingly, we affirm.