19 F.3d 20
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Respondent,
v.
Jay Caldwell EMERSON, Defendant-Petitioner.
 No. 90-6407.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1994.
 
 Before: KEITH and SILER, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 
 ORDER ON PETITION FOR REHEARING
 
 1
 The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel member but also to all other active judges of this court, and no judge of this court having requested a vote on the suggestion for rehearing en banc, the petition for rehearing has been referred to the original hearing panel.
 
 
 2
 This court entered an amended opinion dealing with issues raised by Emerson in his appeal and in a petition for rehearing en banc with respect to the sentence imposed upon him set out in 974 F.2d 687 (6th Cir.1992). Emerson has subsequently supplemented his petition for rehearing en banc. He again relies upon United States v. Bradley, 922 F.2d 1290, 1297 (6th Cir.1991), for the proposition that the district court should have granted him a hearing on his challenge to a New Mexico state drug conviction in fixing his sentence under the sentencing guidelines. Bradley is distinguishable because the challenge in that case involved a state misdemeanor offense proved to be "invalid on its face." Emerson has made no challenge to the facial validity of his New Mexico state felony offense. We, therefore, find Bradley unpersuasive under the facts of this case.
 
 
 3
 Emerson also relies upon United States v. Williams, 899 F.2d 1526 (6th Cir.1990), a case involving an enhanced penalty in a situation where "Williams had absolutely no notice of an enhanced sentence." Id. at 1529. Williams, which involved a guilty plea, was decided after the conclusion of Emerson's trial and the preparation of his presentence report. The presentence report indicated identical prior drug offenses for Emerson and co-defendant Caldwell: federal offenses in 1981 and state offenses in 1987. It also indicated the probation officer's belief that Emerson was a career offender within the meaning of U.S.S.G. Sec. 4B1.1. Emerson had entered guilty pleas in both instances and committed the instant offenses within a few months of the later guilty plea for which he was sentenced to three years. At sentencing, Emerson did not raise any issue of lack of notice.
 
 
 4
 Emerson's co-defendant, James W. Caldwell, conceded that the government notified him that the prior New Mexico state conviction for dealing in contraband would be used to enhance his sentence under 21 U.S.C. Sec. 851(a). We concluded, however, that Caldwell was entitled to challenge the prior conviction at his federal sentencing under 21 U.S.C. Sec. 851(c). Caldwell's statutory mandatory sentence (not a guidelines enhancement), by reason of his status as a recidivist under provisions of 21 U.S.C. Sec. 841(b), was increased to life where there were at least two prior final convictions for felony drug offenses. Emerson, on the other hand, was sentenced as a career offender under guidelines provisions. We stated in our prior opinion that Emerson, for the first time on appeal, raised the issue that the district court did not correctly advise him of the "potential effect of sentence enhancement under the guidelines." We continue to see no compelling reason to address this issue, which amounts to a collateral attack on a facially valid state conviction and sentence used to enhance the federal sentence under the guidelines.
 
 
 5
 Williams does not require us, under these circumstances, to address again these same contentions made in a petition for rehearing en banc. Caldwell, facing a mandatory life sentence, was given the benefit of some doubt under Sec. 851. We decline to grant Emerson's petition for rehearing en banc. Our court, en banc, recently addressed the effect of U.S.S.G. Sec. 4A1.2, as amended, and concluded:
 
 
 6
 Under the current version of the sentencing guidelines, a district court is required to exclude from the criminal history score any conviction that the defendant shows to have been previously ruled invalid. In addition, we conclude the district court has the discretion to exclude from consideration other challenged convictions under certain limited circumstances.
 
 
 7
 United States v. McGlocklin, 8 F.3d 1037, 1042 (6th Cir.1993) (emphasis added).
 
 
 8
 We did not hold that a district court was required to have a hearing to consider even a timely made attack on a facially valid prior drug conviction at sentencing in McGlocklin. We stated instead:
 
 
 9
 A district "court, in determining the particular sentence to be imposed, shall consider--(1) the nature and circumstances of the offense and the history and characteristics of the defendant...." 18 U.S.C. Sec. 3553(a). A defendant's "history" includes the defendant's criminal history. See United States v. Byrd, 984 F.2d 251, 252 (8th Cir.1993). A sentencing judge is required to base the determination of the proper sentence on reliable information. Conversely, a sentencing judge must disregard evidence which is untrustworthy or unreliable. Thus, a sentencing judge must have some discretion to entertain a defendant's claim that a prior conviction should not be counted. The Supreme Court has held that a sentence cannot be based on "misinformation of a constitutional magnitude." United States v. Tucker, 404 U.S. 443, 447, 92 S.Ct. 589, 592, 30 L.Ed.2d 592 (1972).
 
 
 10
 McGlocklin, 8 F.3d at 1043.
 
 
 11
 It happens that due to our prior ruling on his challenge, Caldwell will be challenging the finality and validity of the same state convictions Emerson now challenges. The district court may permit Emerson to join in that Caldwell challenge. Furthermore, Emerson has available alternative means to ask for a hearing and reconsideration of his sentence by pursuing a 28 U.S.C. Sec. 2255 challenge, or by seeking a possible remedy or challenge available in New Mexico state court. See McGlocklin, 8 F.3d at 1044. If such remedies remain available to Emerson, as we believe they do, this may be " 'decisive' as on whether to entertain, or to uphold, a first-instance challenge." United States v. Jones, 977 F.2d 105, 110 (4th Cir.1992), cert. denied, 113 S.Ct. 1355 (1993), cited in McGlocklin, 8 F.3d at 1044.
 
 
 12
 We, accordingly, DENY Emerson's petition for rehearing.