21 F.3d 429
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ronald Edmond WILLIAMS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-4048.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1994.
 
 Before: NELSON, SUHRHEINRICH and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from an order denying a 28 U.S.C. Sec. 2255 motion to vacate sentence. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The petitioner, Ronald Edmond Williams, pleaded guilty in 1989 to a charge of having violated 21 U.S.C. Sec. 841(a)(1) by possessing one kilogram of cocaine with intent to distribute it. On direct appeal of the sentence, a panel of the Sixth Circuit concluded that although the government intended to seek an enhanced sentence pursuant to 21 U.S.C. Sec. 851, it failed to follow the statutory notice provisions mandated therein. The court therefore vacated the judgment and remanded the case to let Williams plead anew. United States v. Williams, 899 F.2d 1526 (6th Cir.1990).
 
 
 3
 On remand, Williams entered a plea of not guilty. Following a reindictment, he pleaded guilty pursuant to an agreement under which the government undertook to advise the probation office of Williams' cooperation in convicting a co-defendant. The government did not agree to file a motion for a downward departure under U.S.S.G. Sec. 5K1.1.
 
 
 4
 At sentencing, although counsel for Williams conceded that the government was not obligated to file a Sec. 5K1.1 motion, counsel asked the court to sentence Williams below the statutory maximum in light of his cooperation. Rejecting this request, the court imposed a sentence of imprisonment for 120 months to be followed by an eight year term of supervised release. Williams did not appeal.
 
 
 5
 On July 30, 1993, Williams filed a motion to vacate his sentence under 28 U.S.C. Sec. 2255. The district court denied the motion, and Williams filed this appeal. Williams moves for in forma pauperis status and for the appointment of counsel.
 
 
 6
 Williams argues that the government violated the plea agreement by failing to inform the sentencing court of his cooperation. He also argues that the government acted arbitrarily and in bad faith in refusing to file a Sec. 5K1.1 motion for a downward departure.
 
 
 7
 It is clear that a Sec. 2255 motion to vacate will not serve as a substitute for a direct appeal. Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976); United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992). Newly asserted claims that could have been raised on direct appeal will not be entertained in a Sec. 2255 proceeding unless the petitioner demonstrates cause for his previous omission and prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Williams has never undertaken to show cause for his failure to raise the foregoing claims in a direct appeal, and he is thus precluded from pursuing them now.
 
 
 8
 Even if cause had been shown, the claims would fail because Mr. Williams suffered no prejudice. The plea agreement itself explicitly informed the court of his cooperation. The presentence report likewise noted his cooperation. The government clearly fulfilled its obligation under the plea agreement. The government's refusal to file a Sec. 5K1.1 motion is not reviewable, moreover, unless a defendant makes a "substantial threshold showing" that the refusal was based on unconstitutional reasons. Wade v. United States, 112 S.Ct. 1840 (1992). Mr. Williams has not shown that the government's decision not to file a Sec. 5K1.1 motion was based on any impermissible reason. These challenges were properly rejected.
 
 
 9
 Williams further argues that if he were to be sentenced today, he would be entitled to another one-level reduction in his base offense level for acceptance of responsibility under U.S.S.G. Sec. 3E1.1. This contention is without merit. At the time of his sentencing in 1990, Williams received a two-level reduction for acceptance of responsibility, the maximum reduction then available. Section 3E1.1 was amended effective November 1, 1992, so that a defendant could be granted a maximum reduction of three levels. U.S.S.G. app. C, amend. 459 (1992). This court has held that the amendment cannot be applied retroactively to benefit defendants sentenced prior to the effective date of the amendment. United States v. Dullen, --- F.2d ----, No. 93-5209 (6th Cir. January 21, 1994).
 
 
 10
 Williams' final claim is that he was denied effective assistance of counsel because his attorneys did not advance the preceding contentions at sentencing and on appeal. One seeking collateral relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that the petitioner was deprived of a fair trial as a result. Strickland v. Washington, 466 U.S. 668, 687-94 (1984). The three preceding claims are demonstrably meritless. Failure of counsel to raise frivolous defenses or arguments cannot be equated with failure to function as counsel. Krist v. Foltz, 804 F.2d 944, 946-47 (6th Cir.1986).
 
 
 11
 The motion for pauper status is granted for purposes of this appeal only, the motion for counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.