46 F.3d 1132
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony R. KINCHEN, Defendant-Appellant.
 No. 94-1565.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1995.
 
 Before: MERRITT, Chief Circuit Judge; BATCHELDER, Circuit Judge; and WEBER, District Judge.
 MERRITT, Chief Circuit Judge.
 
 
 1
 This case is a direct appeal of the defendant's conviction on a single count of receiving and delivering stolen United States Treasury checks totalling over $500 in violation of 18 U.S.C. Sec. 510(b). The defendant had negotiated or attempted to negotiate four stolen U.S. Treasury checks, as well as several stolen mortgage payment checks made payable to Independence One Bank. Following his arrest, the defendant signed a plea agreement with the prosecution, and pursuant to that agreement pled guilty to the first of two counts against him on February 2, 1994. The prosecution agreed to drop the second count against the defendant. The defendant now asks this court to set aside his guilty plea because the district court did not properly advise him before he entered his plea.
 
 
 2
 The defendant contends that the district court judge during the plea hearing did not fulfill the mandate of Rule 11(c)(1). That rule provides that "before accepting a plea of guilty ..., the court must ... determine that the defendant understands ... the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term...." Fed.R.Crim.P. 11(c)(1). First, the defendant argues that the district court judge did not adequately inform him of the nature of the charge to which he was pleading because she did not rehearse the elements of the offense. But, the district court judge did read the indictment to the defendant. (J.A. at 49). To meet the requirement of Rule 11 "in a simple case the district court may need only to read the indictment and allow the defendant to ask questions about the charge." United States v. Syal, 963 F.2d 900, 904 (6th Cir.1992). This is a simple case, and we believe that by reading the indictment and by allowing the defendant the opportunity to ask questions, the district court judge fulfilled her obligation to ensure that the defendant understood the nature of the charge. Second, the defendant argues that the trial court judge did not inform him [before he made his plea] that he might be sentenced to supervised release. In fact, the defendant was sentenced to 15 months of incarceration and 3 years of supervised release. Rule 11 generally requires that the defendant be informed of the possibility of supervised release by the judge. Nevertheless, when a defendant has entered a plea pursuant to plea agreement which itself states the possibility that supervised release might be imposed, the failure of the judge to notify the defendant of this same possibility is ordinarily harmless error under Rule 11(h). United States v. Williams, 899 F.2d 1526, 1531 (6th Cir.1990). In this case, the plea agreement states specifically that the defendant might be sentenced to a term of supervised release. (J.A. at 31). Nevertheless, the defendant contends that he was confused at the plea hearing because of the following exchange between the prosecutor, the judge and himself:
 
 
 3
 The Court: Will the government explain what the essence of this Rule 11 agreement is?
 
 
 4
 Mr. Edelman: Yes, your honor. The government has promised in exchange for Mr. Kinchen's plea of guilty to count 1 of the information that any sentence of incarceration would be capped at 15 months, and the government will at the time of sentencing move to dismiss count 2 of the information.
 
 
 5
 The Court: That's all?
 
 
 6
 Mr. Edelman: That's all.
 
 
 7
 The Court: Is that your whole bargain with the government for this plea of guilty? What he said, is that everything that's here?
 
 
 8
 Defendant: Yes, your honor.
 
 
 9
 (J.A. at 52-53). Because no one mentioned that the sentence might include supervised release, the defendant argues he was misled by the prosecutor's statements to believe that the plea bargain had been amended. We do not find this contention credible. The defendant still had notice from the plea agreement that he might receive supervised release as part of his sentence, and nothing in the passages quoted above contradicts the relevant provisions of the plea agreement. Consequently we find that the judge's failure to notify the defendant that he might receive supervised release is harmless error. We note further that the defendant has not alleged that he would have changed his plea had he been informed of the supervised release provision in open court. Williams, 899 F.2d at 1531. Finally, the defendant did not object to being sentenced to a term of supervised release at his sentencing hearing.
 
 
 10
 The defendant also argues that his confinement violates the Eight Amendment prohibition against cruel and unusual punishment because he cannot receive adequate treatment for his glaucoma. This is a claim not properly before this court on appeal. The Bureau of Prisons, not the district court judge, has the authority to determine the defendant's place of confinement. If the defendant objects to the decision made by the Bureau he may bring a separate civil action against the Bureau, subject to the exhaustion of administrative remedies, see United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.1991), but the issue is not cognizable in this proceeding.
 
 
 11
 Accordingly, we AFFIRM the district court's decision to accept the defendant's guilty plea and the sentence it imposed subsequently.