# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2111

_____

United States of America,      *
     *
       Appellee,      *
     *    Appeal from the United States
    v.      *    District Court for the
     *    Eastern District of Arkansas.
Reed Edward Avey,      *      [UNPUBLISHED]
     *
       Appellant.      *

_____

Submitted:   November 2, 1999

Filed:   November 5, 1999

_____

Before WOLLMAN, Chief Judge, BEAM, and MURPHY, Circuit Judges.

_____

PER CURIAM.

After Reed Edward Avey pleaded guilty to being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), the district court[1] sentenced him to 18 months' imprisonment and two years' supervised release. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), suggesting that the district court abused its discretion in refusing to depart downward because of Avey's family ties and distinguished military service. Counsel further

_____

[1]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

suggested that the district court erred by refusing to sentence Avey to a term of probation or to confinement in a halfway house because of his medical condition. Avey filed a pro se supplemental brief, in which he argues that his firearms charge should be dismissed because the military tribunal in which he was convicted bypasses constitutional safeguards to achieve a conviction and should therefore not be classified as a "court" for purposes of section 922(g)(1). Avey further contends that the district court improperly made a sentencing decision based on written materials submitted to it prior to the sentencing hearing.

We conclude that these arguments lack merit. First, the district court's refusal to depart downward is unreviewable, because its statements, taken as a whole, indicate that it was aware of its authority to depart downward and that it exercised its discretion not to do so. See United States v. Jenkins, 78 F.3d 1283, 1290 (8th Cir. 1996). Second, Avey's 15-to-21-month Guidelines imprisonment range made him ineligible for probation, see U.S. Sentencing Guidelines Manual § 5B1.1, comment. (n.2) (1998), and the district court's comments at sentencing indicate that it considered Avey's medical needs, see United States v. Byrd, 984 F.2d 251, 252 (8th Cir. 1993) (per curiam).

We further conclude that, by pleading guilty, Avey waived his argument that the military tribunal in which he was convicted was not a "court." See United States v. Fitzhugh, 78 F.3d 1326, 1330 (8th Cir.), cert. denied, 519 U.S. 902 (1996). Avey's remaining contention is belied by the sentencing transcript, which shows that the district court considered Avey's arguments prior to sentencing him to a term of imprisonment well below the presentence report's recommended sentencing range.

In accordance with Penson v. Ohio, 488 U.S. 75, 80 (1998), we have reviewed the record for any nonfrivolous issues and have found none. We grant counsel's motion to withdraw.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.