NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0600n.06

**No. 12-5464**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Jun 24, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JACKIE ROBERTS, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:    KEITH, WHITE, and STRANCH, Circuit Judges.

**DAMON J. KEITH, Circuit Judge**.  Defendant Jackie Roberts was convicted following a three-day jury trial in federal district court of drug trafficking and unlawful possession of a firearm. His convictions stemmed from a drug transaction involving a controlled buy.  At sentencing, the Government argued that Defendant was subject to an armed career criminal enhancement due to several prior convictions.  The district court ultimately applied the enhancement and sentenced Defendant to 235 months of imprisonment.  On appeal, Defendant argues that the evidence was insufficient to convict him.  He also argues that the district court committed reversible error at sentencing by failing to conduct a colloquy required under 21 U.S.C. § 851, allowing him to contest the existence of a prior conviction.  For the reasons detailed below, we **AFFIRM** Defendant's convictions and his sentence.

**I.      Sufficiency of the Evidence**

**Background**

In November 2011, a federal jury convicted Defendant Jackie Roberts of: (1) distribution of hydrocodone pills, a controlled substance; (2) firearm possession while being a felon; (3) firearm possession after being convicted of domestic violence; and (4) being an unlawful drug user in possession of a firearm.   On April 11, 2012, he was sentenced to 235 months in prison.   His convictions stemmed from a drug transaction involving a controlled buy and possession of a .38 caliber gun.   The following facts were presented at trial.

*The Investigation of Jackie Roberts*

Defendant was a constable in Clay County, Kentucky.   In May 2011, a county drug task force and the police department of Manchester County, Kentucky began an investigation of Defendant for possible drug-trafficking activities.   Law enforcement had received complaints that Defendant was selling prescription pills of out "Jack's Tires," a tire shop he owned with his wife, Jennifer Roberts, in Manchester, Kentucky.   Law enforcement arranged for Jerry Jarvis, a cooperating witness ("CW"), to purchase controlled substances from Roberts at Jack's Tires.

*The Controlled Buy*

On July 19, 2011, Jarvis purchased two hydrocodone pills from Roberts.   Jarvis was wired to record audio and video during the transaction.   In the video, Defendant is recorded discussing the price of the pills and snorting a line of powdered pills.   When Jarvis asked about purchasing

additional pills the following day, Defendant replied he did not know if it was possible. Defendant also stated that he slept with a .38 caliber firearm and had recently pointed the gun at someone.

*Defendant's Arrest and Search of His Property*

Officers obtained a search warrant for Jack's Tires and executed it on July 20, 2011. They arrested Defendant and his wife and seized one-half of an oxycodone pill, a credit card, a straw, and plastic bags. All the items contained powder residue. They also seized several bottles of Neurontin, a non-controlled substance available by prescription. After the search, Defendant's wife told officers that Defendant stays alternatively at a house on Ball's Knob Road and a shed on Curry Branch Road, both in Clay County, Kentucky. After admitting ownership of a firearm, she admitted that Defendant had handled the gun.

The same day, Defendant's son, Jackie Charles Roberts, told the police that Defendant owned a .38 caliber revolver that he usually kept in the car or at Jack's Tires in a green zip-up banker's bag. He also said that he had observed his father handling the firearm on several occasions.

The officers then transported Defendant and his wife to the Curry Branch property. A device in the police vehicle recorded the pair discussing their recent drug sales and who could have turned them into the police. Defendant told an officer that the firearm belonged to his wife, but admitted that he had probably handled the firearm and police might find his fingerprints on it. At the Curry Branch property, the police found a loaded .38 caliber revolver in a green zip-up bag and twelve additional rounds of ammunition under a pillow on the bed inside a storage shed.

*The Trial*

On August 4, 2011, Defendant was indicted for drug trafficking and various offenses related to the unlawful possession of a firearm. During the trial, the CW Jerry Jarvis, Defendant's son Jackie Charles Roberts, and four law enforcement officers who participated in the investigation testified consistently with the aforementioned facts on behalf of the Government. Additionally, the audio-video recording of the controlled buy was played for the jury. Defendant then put on two witnesses to testify about his son's reputation for untruthfulness. He also took the stand in his own defense. The judge read aloud a November 9, 2011 stipulation in which Defendant admitted that the pills recovered from the controlled buy and from the search of Jack's Tires contained controlled substances. The jury found Defendant guilty.

**Standard of Review**

Defendant asserts that there was insufficient evidence to support his convictions. The Fourteenth Amendment guarantees "that no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof—defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense." *Jackson v. Virginia*, 443 U.S. 307, 316 (1979). "For sufficiency of the evidence challenges, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Sease*, 659 F.3d 519, 523 (6th Cir. 2011) (emphasis in original) (quoting *Jackson*, 443 U.S. at 319). The government receives "the benefit of all inferences which can reasonably [be] drawn from the evidence, even if the evidence is circumstantial." *United States v. Rozin*, 664 F.3d 1052, 1058 (6th Cir. 2012) (quoting *United States v. Adamo*, 742 F.2d 927, 932 (6th Cir. 1984)).

**Analysis**

**A.        Distribution of a Controlled Substance**

One of Defendant's convictions was for distribution of hydrocodone, a controlled substance, in violation of 21 § U.S.C. 841(a)(1). He argues that Jarvis' testimony was the only evidence offered in support of the conviction and that this evidence was insufficient because Jarvis was not credible.

To obtain a conviction for the distribution of a controlled substance, the government must prove that: 1) the defendant knowingly or intentionally distributed the controlled substance, and 2) at the time of distribution the defendant knew the substance was a controlled substance. *United States v. Colon*, 268 F.3d 367, 376 (6th Cir. 2001).

Here, the evidence the Government introduced would allow a reasonable juror to conclude that Defendant distributed a controlled substance even without considering the contested testimony from CW Jarvis. The jury watched and listened to the recording of the controlled buy, in which Defendant snorted a line of pill powder and discussed the price of the pills. Detective Samuel Johnson testified that Defendant sold two hydrocodone pills to CW Jarvis. Defendant himself admitted that the pills recovered from his shop contained controlled substances. Officers also recovered drug paraphernalia from Jack's Tires.

Defendant asserts that the recorded evidence was ambiguous as to whether it was Defendant himself or his wife who sold the pills. A jury, however, could rationally conclude that it was Defendant who sold the pills, in addition to, or instead of, his wife. This would be sufficient to

convict Defendant. "[W]e cannot overturn the jury's decision merely because it had to draw reasonable inferences." *United States v. Arnold*, 486 F.3d 177, 181 (6th Cir. 2007) (en banc). "[T]he critical point is that the jury could have drawn different inferences from [the Government's] evidence, and our mandate is to affirm when the jury's choice was a rational one." *Id*. at 182.

### B.       Firearm Possession While Under a Disability

Defendant was also convicted of three offenses pertaining to the possession of a firearm under 18 U.S.C. § 922. To obtain a conviction under 18 U.S.C. § 922, the government must prove that: 1) the defendant possessed a firearm or ammunition and 2) that the firearm or ammunition had traveled in or affected interstate commerce. 18 U.S.C. § 922(h). Section § 922 further requires proof that a specified disability existed at the time a defendant possessed the firearm. Here, the jury found that Defendant had the following disabilities: (1) he had a previous felony conviction, 18 U.S.C. § 922(g)(1); (2) he had used a controlled substance during the time he possessed the firearm, 18 U.S.C. § 922(g)(3); and (3) he has been convicted of a domestic violence misdemeanor, 18 U.S.C. § 922(g)(9). *See United States v. Newsom*, 452 F.3d 593, 608 (6th Cir. 2006); *United States v. Roberge*, 565 F.3d 1005, 1008–09 (6th Cir. 2009); *United States v. Beavers*, 206 F.3d 706, 708 (6th Cir. 2000).

For these offenses, Defendant only appeals the sufficiency of the evidence with regard to whether he possessed the firearm. He asserts that the only evidence supporting firearm possession are the testimonies of CW Jarvis and Defendant's son Jackie Charles Roberts. Defendant contends that their testimony is insufficient because it is "patently noncredible."

A defendant may be convicted of unlawful firearm possession under 18 U.S.C. § 922 based on either actual or constructive possession of a firearm. *Newsom*, 452 F.3d at 608–10 (citing *United States v. Hadley*, 431 F.3d 484, 507 (6th Cir. 2005)). "Constructive possession exists when a person . . . knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *United States v. Gardner*, 488 F.3d 700, 713 (6th Cir. 2007) (internal quotation marks omitted). Mere presence alone near a gun is insufficient to prove constructive possession. *Arnold*, 486 F.3d at 183. Instead, "[o]ther incriminating evidence must supplement a defendant's proximity to a firearm in order to tip the scale in favor of constructive possession." *United States v. Campbell*, 549 F.3d 364, 374 (6th Cir. 2008). Evidence that Defendant had both of the following is sufficient to prove constructive possession: (1) knowledge of and access to the firearm, and (2) intent to exercise dominion or control over the firearm. *United States v. Bailey*, 553 F.3d 940, 945 (6th Cir. 2009).

Here, CW Jarvis and Jackie Charles Roberts testified that Defendant had knowledge of and access to the recovered firearm, as well as intent to control it because they had observed Defendant in possession of the firearm on multiple occasions. CW Jarvis also testified that Defendant admitted ownership of the firearm, that he slept with it, and that he had recently pointed it at a trespasser.

Defendant asserts that this evidence is insufficient because it rests on testimony from witnesses he characterizes as "patently noncredible." This argument is unavailing. Credibility determinations are left to the jury. *See United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006) (holding that attacks on the credibility of witnesses "are simple challenges to the quality of the government's evidence and not the sufficiency of the evidence" and that appellate courts do not

"weigh the evidence" or "assess the credibility of the witnesses"); *United States v. Beverly*, 369 F.3d 516, 532 (6th Cir. 2004) ("[D]etermining the credibility of witnesses is a task for the jury, not this court."). The jury was aware of Defendant's cited reasons for finding the witnesses "patently noncredible:" CW Jarvis admitted that he had lied to officers on another occasion and two witnesses testified that Jackie Charles had a reputation for untruthfulness. Nonetheless, the jury convicted Defendant anyway. As such, the jury "obviously accepted" Jarvis and Jackie Charles' testimonies despite the reasons to discredit them. *Beverly*, 369 F.3d at 533.[1]

## II.     Failure to Conduct a §851 Colloquy at Sentencing

Defendant argues that the district court committed reversible error when it failed to conduct a colloquy required by 21 U.S.C. § 851(b) regarding sentence enhancements applied due to his prior convictions. We disagree.

Before trial, the Government notified Defendant that should he be convicted, it would argue that he is subject to statutory sentence enhancements as an armed career criminal ("ACC") pursuant to 18 U.S.C. § 924(e) and U.S. Sentencing Guidelines § 4B1.4 on the allegation that he had been convicted of three or more crimes of violence. The notice cited a March 5, 1981 conviction for first degree robbery, a September 24, 1985 conviction for first degree assault, and a July 27, 1988 conviction for first degree robbery. The Presentence Investigation Report ("PSIR") also recommended that Defendant be sentenced as an ACC.

---

[1] Defendant also asserts that the evidence was insufficient because there was no physical evidence. This claim is meritless. "Circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Wettstain*, 618 F.3d 577, 583 (6th Cir. 2010) (quoting *United States v. Spearman*, 186 F.3d 743, 746 (6th Cir. 1999)).

Recidivist drug offenders are subject to an enhanced sentence under 21 U.S.C. § 851(b)(1). For every prior conviction that is relied upon for the enhancement, the government must file an information identifying the prior conviction. 21 U.S.C. § 851(a). For every information filed under 21 U.S.C. § 851(a), "the court . . . shall inquire whether the defendant affirms or denies that he has been previously convicted as alleged and shall inform him that any challenge to a prior conviction that is not made before the sentence is imposed may not thereafter be raised to attack the sentence." *United States v. Williams*, 899 F.2d 1526, 1529 (6th Cir. 1990); 21 U.S.C. § 851(b). The "failure to engage in the colloquy required by section 851(b) is subject to harmless error analysis." *United States v. Hill*, 142 F.3d 305, 313 (6th Cir. 1998). The Government has the burden of proving that the alleged error did not affect Defendant's substantial rights. *United States v. Johnson*, 467 F.3d 559, 564 (6th Cir. 2006). "To carry this burden, the government must demonstrate to this Court with certainty that the error at sentencing did not cause the defendant to receive a more severe sentence." *Id*. (internal quotation omitted).

Of the prior convictions the Government relied upon in arguing for an ACC enhancement, the only one Defendant contests on appeal is a 1981 conviction for robbery. The parties dispute whether or not the district court was required to conduct a § 851(b) inquiry. We do not reach this issue for, even assuming that the district court was required to conduct such an inquiry, such a failure did not affect Defendant's substantial rights. Although the Government asserts that Defendant, through counsel, conceded that the 1981 conviction was a predicate "crime of violence" for sentencing purposes, we affirm Defendant's sentence on other grounds. It appears that any challenge Defendant raised to the conviction would be barred by the statute of limitations because the

conviction occurred in 1981 and the Government's information was filed in 2011. *See* 21 U.S.C. § 851(e) ("No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction."); *see also United States v. Young*, 496 F. App'x 570, 579 (6th Cir. 2012) (holding defendant was barred from objecting to the inclusion of an eleven year old conviction in a § 851 information).[2]

## III.    Conclusion

For the foregoing reasons, we AFFIRM Defendant's conviction and sentence.

---

[2] Defendant argues that his challenge is not subject to the § 851(e) statute of limitations because he is attacking the "existence" of the conviction and not its "validity." We need not address whether such a distinction would allow his challenge to proceed, however, because Defendant's attack cannot be categorized as an attack on the "existence" of the conviction. Defendant does not deny that he was convicted of a crime for stealing a watch at knifepoint. Rather, he argues that the conviction should have been entered for "second-degree theft," not the second-degree robbery conviction now reflected in his criminal history. We read this argument as a challenge to the validity of the conviction and not its existence.