UNITED STATES of America, Plaintiff–Appellee,

v.

Robert SAENZ, Defendant–Appellant.

No. 91–3265.

United States Court of Appeals, Seventh Circuit.

Argued May 20, 1992.
Decided July 17, 1992.

Joel D. Bertocchi, Jeanne M. Wither-spoon, Asst. U.S. Attys., Criminal Div., Richard K. Kornfeld, Asst. U.S. Atty., argued, Criminal Receiving, Appellate Div., Chicago, Ill., for the U.S.

Martin S. Agran, argued, Agran & Agran, Chicago, Ill., for Robert Saenz.

Before BAUER, Chief Judge, POSNER, Circuit Judge, and GIBSON, Senior Circuit Judge.[1]

BAUER, Chief Judge.

In this appeal, the defendant argues that his motion to withdraw his guilty plea was erroneously denied. The defendant contends that an error in the district court's warning about the mandatory minimum term of his supervised release entitles him to withdraw his plea. Based on the circumstances in this case we disagree. Therefore, we affirm the district court's decision.

On May 10, 1991, pursuant to a written plea agreement, Robert Saenz pleaded guilty to conspiring to possess and distribute 500 pounds of marijuana in violation of 21 U.S.C. § 846. The plea agreement provided that there was a ten-year mandatory minimum prison term, and a four-year mandatory minimum term of supervised release. The agreement specified that the court would impose a prison sentence of 120 months or at the low-end of the applicable guideline range, whichever is higher, but that it was free to impose any other aspects of sentencing that it deemed appropriate. Plea Agreement, Record Document No. 50, at 8. This left the term of supervised release to the discretion of the sentencing court. *Id.* at 5. During the plea hearing the court also advised Saenz that the mandatory minimum prison penalty for ·

his offense was ten years, that the maximum prison term was life imprisonment, and that "there would be a term of supervised release of four years to life, and the precise time would be stated by the Court." Transcript of Proceedings of 5/10/91, Supplemental Record Volume 5, at 12 (hereinafter, "Tr. of ___, S.R.V. ___, at ___.").

The court and the plea agreement were wrong about the minimum term of supervised release. None of the parties discovered the error until after the court accepted Saenz's plea, when it was brought to the court's attention by the probation officer. A hearing about the problem was held on August 20, 1991. Tr. of 8/20/91, S.R.V. 4, at 2. The relevant statute, 21 U.S.C. § 841(b)(B)(VIII) (1991), provides that if the defendant has a prior conviction (Saenz does), the minimum term of supervised release is eight years. During that hearing, the government conceded the error and the court gave Saenz a continuance until August 29, 1991, to reconsider his plea. Tr. of 8/20/91, S.R.V. 4, at 4. On August 29, Saenz's counsel moved to withdraw from the case, and the court appointed new counsel. The reconsideration and sentencing hearing was rescheduled for September 16, 1991.

At the September 16 hearing, the court asked if there was a motion to withdraw the plea. Saenz's attorney moved to withdraw the plea, but the court denied the motion. The court found that the error in the supervised release period was not sufficient to justify granting the motion to withdraw the plea. At the sentencing hearing that afternoon, the court cited authority for its denial of the motion, and relied in part upon its instruction to Saenz during the plea colloquy that the term of release could be up to life. The court enforced the plea agreement, and imposed a 121–month prison term and an eight-year term of supervised release.

Saenz appeals the district court's denial of his motion to withdraw the plea.

1. The Honorable Floyd R. Gibson, Senior Judge for the United States Court of Appeals for the Eighth Circuit, is sitting by designation.

In order to overturn a district court's denial of a motion to withdraw, a defendant "must demonstrate that a fair and just reason exists for withdrawing the plea." *United States v. Ray*, 828 F.2d 399, 422 (7th Cir.1987), *cert. denied*, 485 U.S. 964, 108 S.Ct. 1233, 99 L.Ed.2d 432 (1988). The decision whether to allow the withdrawal of a plea is within the discretion of the trial court, and will be reversed only for an abuse of that discretion. *Id.* We will uphold the court's findings in support of its decision unless they are clearly erroneous. *Id.* (quoting *United States v. Ellison*, 798 F.2d 1102, 1104 (7th Cir.1986), *cert. denied*, 479 U.S. 1038, 107 S.Ct. 893, 93 L.Ed.2d 845 (1987)).

Saenz asserts that sentencing him notwithstanding the error in the term of supervised release violated the core concerns of Federal Rule of Criminal Procedure 11, which requires that a defendant both understand and know the direct consequences of his plea. Sentencing in violation of Rule 11 of course would be an abuse of discretion and would constitute a "fair and just reason" to withdraw a plea. The relevant section of the Rule provides:

> (c) Before accepting a plea of guilty ..., the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
>
> (1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term....

Fed.R.Crim.P. 11. Rule 11(h) does provide, however, that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Rule 11 is designed to insure that a defendant's guilty plea is "a voluntary and intelligent choice among the alternative courses of action open to [him]." *United States v. Fox*, 941 F.2d 480, 484 (7th Cir.1991) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970), *cert. denied*, — U.S. ——, 112 S.Ct. 1190, 117 L.Ed.2d 431 (1992)); *see also United States v. Ray*, 828 F.2d 399, 404 (7th Cir.1987), *cert. denied*, 485 U.S. 964, 108 S.Ct. 1233, 99 L.Ed.2d 432 (1988). Rule 11 "sets forth the particular admonishments that must be given to insure that a federal criminal defendant has a full understanding of the consequences of pleading guilty." *Id.*

Nevertheless, in reviewing Rule 11 proceedings, "[m]atters of reality, and not mere ritual should control." *Ray*, 828 F.2d at 404 (citations omitted). We must strike a balance between a "crabbed interpretation" that exults form over substance, and an overly technical review which sets "a procedural trap for the government." *Id.* The issue, then, is whether the error in the plea agreement so undermined Saenz's understanding of the consequences of his plea that his substantial rights were affected.

The Notes of the Advisory Committee to the 1983 Amendments to Rule 11, which included the addition of subsection (h), provide some guidance about what kind of Rule 11 error might be harmless. The Notes give examples of harmless errors; one of these is "where the judge's compliance with subdivision (c)(2) was erroneous in part in that the judge understated the maximum penalty somewhat, but the penalty actually imposed did not exceed that indicated in the warnings." First we note what we believe is a typographical error. Subdivision (c)(2) does not refer to the applicable penalties, but to the defendant's right to counsel. Therefore, we believe the committee intended to refer to subdivision (c)(1).

The example is similar to the situation here. The court instructed Saenz that the term of supervised release was four years to life, when in fact it was eight years to life. The sentence he received—eight years of supervised release—did not exceed that indicated by the court's warning (life). This interpretation of the advisory committee notes is supported by case law on the question.

■ Courts apply several factors to determine whether an error or oversight at

sentencing affects the defendant's substantial rights. The first is whether the sentence the defendant actually received was within the warned range, even if the instructions on particular portions were wrong. In a recent *en banc* opinion, the Fifth Circuit held that if

> during the plea colloquy, the court complies with Rule 11(c)(1) to the extent of informing the defendant and determining his understanding of, inter alia, the maximum penalty under the statute but fails entirely to inform the defendant and explain the effect of any supervised release term—and the defendant's sentence in fact includes supervised release, the error does not necessarily mandate reversing the conviction and vacating the sentence, assuming the aggregate maximum period of incarceration under the actual sentence of imprisonment and supervised release cannot exceed the statutory maximum explained to the defendant. Unless the failure to explain supervised release is exacerbated by other errors in or omissions from the plea colloquy, omission of the supervised release explanation produces only an inadequate or less than perfect address of the 'understands the consequences of his plea' core concern of Rule 11. When that situation occurs this court will evaluate such a failure under a harmless error standard focusing on whether the defendant's 'substantive rights' were affected.

*United States v. Bachynsky*, 934 F.2d 1349, 1360–61 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 402, 116 L.Ed.2d 351 (1992). We find this reasoning persuasive. So long as the defendant is apprised of the maximum jail term, a failure to address the supervised release element of his sentence should not warrant *automatic* reversal. Nevertheless, if the term of supervised release plus the prison term (the maximum aggregate term of incarceration) exceeds the maximum prison term of which the defendant was advised, then the error is not harmless, and reversal is necessary. *See United States v. Bounds*, 943 F.2d 541, 545 (5th Cir.1991); *United States v. Garcia–Garcia*, 939 F.2d 230, 233 (5th Cir. 1991).

This court accepted similar reasoning in *United States v. Fox*, 941 F.2d 480 (7th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1190, 117 L.Ed.2d 431 (1992). Fox, the defendant, was ordered to pay $18,-432.37 in restitution. *Id.* at 483. He argued on appeal that his guilty plea should be vacated because the district court failed to inform him that his sentence could include payment of restitution. *Id.* At the sentencing hearing, Fox acknowledged to the district court that under each of three counts, he was subject to fines of $250,000. He was not fined, but instead was ordered to make restitution of $18,432.37. We found the district court's oversight was harmless error. *Id.* at 485. We emphasized that the "best course" is for the court to explain potential liability for both fines and restitution. *Id.* at 484. But, because Fox was warned he might have to pay a total of $650,000 in fines and was ultimately was ordered to pay $18,432.37 in restitution, there was no miscarriage of justice. *Id.* at 485. Moreover, we examined the totality of the circumstances, and concluded that "Fox's decision to plead guilty was not prejudiced by the court's failure to advise him of the possibility of restitution." *Id.*

As *Fox* illustrates, another factor we consider is whether the defendant would not have pleaded guilty if the error had not occurred. *Id.; United States v. Williams*, 899 F.2d 1526, 1531 (6th Cir.1990). In *Williams*, the defendant was not advised at sentencing of the mandatory minimum term of supervised release, although the written plea agreement did provide this information. *Id.* The *Williams* court held that the sentencing error was harmless. *Id.*

One possible question about this line of authority is whether a failure to instruct at all about an aspect of the sentence (i.e. supervised release, restitution) poses the same threat to substantial rights as an error in the instruction about the applicable term of supervised release (or the amount of the fine or restitution). The latter error is the one at issue in this case. We believe that a failure to instruct and an error in the

instructions pose basically the same danger to the defendant. Our concern (and the concern of Rule 11) is that a defendant have the necessary information to make an informed, intelligent decision to plead guilty. It does not make a material difference if a defendant gets bad information or no information. If the defendant does not receive accurate data necessary to make an intelligent choice about pleading guilty, the plea cannot stand.

Applying the principles set out in *Fox* and *Bachynsky*, we believe the district court's error in the minimum mandatory term of supervised release applicable to Saenz was harmless. Both the plea agreement and the court warned Saenz that the term of supervised release was four years to life. He received an eight-year term. The plea agreement made no promises that the term of supervised release would be at "the low end" of the range. (It did make such a promise for the term of incarceration.) Thus, the term of release falls within the range of the warnings Saenz received. Given the totality of the circumstances, we do not believe the error prejudiced Saenz's decision to plead guilty.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.