4 F.3d 997
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Jeffrey T. BREDEN, Defendant/Appellant.
 No. 92-4146.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 7, 1993.
Decided Sept. 10, 1993.
 
 Before BAUER, Chief Judge, POSNER, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Jeffrey Breden pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). Because he had committed violent felonies six times before, he was sentenced under the enhanced penalty provisions of 18 U.S.C. Sec. 924(e)(1) (mandatory minimum sentence of fifteen years must be imposed if defendant has committed three prior violent felonies). The court sentenced Breden to 192 months in prison followed by five years of supervised release, to be served concurrently with any potential sentence he might receive in a state criminal case then pending. Breden's appellate counsel filed a motion to withdraw from representing him, accompanied by a brief supporting the lawyer's argument that an appeal in this case would be frivolous. Anders v. California, 386 U.S. 738 (1967). Breden responded pro se to this motion, claiming that there were several bases on which his sentence should be set aside.
 
 
 2
 Several potential issues for appeal are noted in the brief filed by Breden's appellate counsel and in Breden's response. The first potential issue is whether Breden deserved a new sentence because the judge gave him five years of supervised release without first advising him of this possibility during the plea colloquy. Under Federal Rule of Criminal Procedure 11 a judge must inform the defendant of all the direct consequences of a plea of guilty, including the possibility of the imposition of supervised release. Fed.R.Crim.P. 11(c)(1). But if Breden was "apprised of the maximum jail term, a failure to address the supervised release element of his sentence should not warrant automatic reversal. Nevertheless, if the term of supervised release plus the prison term ... exceeds the maximum prison term of which [he] was advised," then reversal is required. United States v. Saenz, 969 F.2d 294, 297 (7th Cir.1992). Though true that the district court failed to advise Breden of the possibility of supervised release, this oversight does not require reversal here. The court told Breden that he could receive a possible sentence of life imprisonment. (Tr. of 9/15/92 at 19.) Breden pleaded guilty knowing that he might receive life imprisonment; nothing indicates that he would have pleaded differently had the judge told him that he might receive five years of supervised relief.
 
 
 3
 Another potential issue is whether the judge should have counted all the prior convictions under Sec. 924(e) even though Breden committed several of them as a juvenile. This argument runs into the language of Sec. 924(e)(1)(B), which says: "[T]he term 'violent felony' means ... any act of juvenile delinquency involving the use or carrying of a firearm ... that would be punishable by imprisonment for such term if committed by an adult." See Taylor v. United States, 495 U.S. 575 (1990). Based on this language the judge found that Breden had committed at least one violent felony as a juvenile in addition to two violent felonies as an adult. (Tr. of 11/19/92 at 17.) That finding was a sound one and we would not overturn it on appeal.
 
 
 4
 There are no other issues of any merit. We GRANT the motion to withdraw and DISMISS the appeal as frivolous.