28 F.3d 1217
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ilias J. SHALLIMI, Defendant-Appellant.
 No. 93-1066.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 19, 1993.
Resubmitted June 21, 1994.
Decided July 8, 1994.
 
 Before BAUER, ESCHBACH and MANION, Circuit Judges.
 
 ORDER
 
 1
 Alias Shallimi entered a plea of guilty to one count of possession with intent to distribute heroin in violation of 21 U.S.C. Sec. 841(a)(1). The district court sentenced Shallimi to 72 months' imprisonment to be followed by four years of supervised release, but waived all fines except the mandatory $50 special assessment. Shallimi's appointed counsel filed a notice of appeal followed by a motion to withdraw pursuant to Circuit Rule 51(a), in which he stated his belief that an appeal would be frivolous. Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985).[1] Because we agree with counsel's conclusion that an appeal would be frivolous, we grant the motion to withdraw and dismiss the appeal. United States v. Williams, 894 F.2d 215, 217 (7th Cir.1990); see also United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993).
 
 
 2
 A guilty plea is valid provided the record reveals the defendant knowingly and voluntarily entered his plea. United States v. Seybold, 979 F.2d 582, 586 (7th Cir.1992), cert. denied, 113 S.Ct. 2980 (1993); see also United States v. Lumpkins, 845 F.2d 1444 (7th Cir.1988). Federal Rule of Criminal Procedure 11 governs the procedures the court must follow in accepting a plea and ensures a defendant's knowing and voluntary waiver of his rights. After reviewing the record, we conclude that the requirements of Rule 11 were satisfied.
 
 
 3
 At the plea hearing, the district court verified that Shallimi understood the nature of the charge and the possible sentence. Fed.R.Crim.P. 11(c)(1); United States v. Musa, 946 F.2d 1297, 1303-04 (7th Cir.1991) (holding that a district court need not personally address the defendant but may conclude that he understood the charges by looking at the totality of the circumstances). Before accepting the plea, the district court asked Shallimi whether he had read the indictment and discussed it with his attorney. Tr. 8.[2] Shallimi responded that he had. Tr. 8. The district court then informed Shallimi that the mandatory minimum sentence would be five years and the maximum would be forty years. Tr. 11. Although the court informed Shallimi that the period of supervised release would be three years, Tr. 11, as compared to the four years actually imposed, this error does not provide an arguable basis for appeal. Rather, it is harmless because the five year prison term plus four years of supervised release does not exceed the maximum prison term of which Shallimi was advised. United States v. Saenz, 969 F.2d 294, 297 (7th Cir.1992) (finding error harmless where defendant, who was sentenced to eight years of supervised release, was told that the term of supervised release would be four years to life); see also United States v. Padilla, No. 93-1344, slip op. at 3 (7th Cir. May 9, 1994) (applying a harmless error standard where the defendant was misinformed as to the maximum and minimum prison terms applicable). Shallimi was properly informed that the fine could be as much as two million dollars. Tr. 11. The government discussed the evidence that it would present at trial and Shallimi acknowledged that he committed the acts establishing his guilt. Fed.R.Crim.P. 11(f); Tr. 13-15.
 
 
 4
 The district court also informed Shallimi of his right 1) to plead not guilty, 2) to be tried by a jury, 3) to the assistance of counsel, 4) to confront adverse witnesses, and 5) against self-incrimination. Fed.R.Crim.P. 11(c)(3); Tr. 7-10. Shallimi was informed that if he entered a plea of guilty he would waive his right to a jury trial. Fed.R.Crim.P. 11(c)(4); Tr. 8-9. Finally, the court made certain that Shallimi's decision to plead guilty was not the result of force, threats or promises. Fed.R.Crim.P. 11(d).; Tr. 12-13. We find nothing in the record to suggest that Shallimi did not knowingly and voluntarily enter his plea.
 
 
 5
 At sentencing, Shallimi is guaranteed the procedural protections provided in Federal Rule of Criminal Procedure 32. Defense counsel apparently received the presentence report prior to the hearing. Fed.R.Crim.P. 32(a)(1). Although counsel did not object to any factual findings contained in the report, the court did consider his comments on Shallimi's entitlement to acceptance of responsibility. Fed.R.Crim.P. 32(a)(1); Tr. 4-7. The court addressed the defendant personally and allowed him to add any comments. Fed.R.Crim.P. 32(a)(1)(C), Tr. 10. Also, in compliance with Rule 32(a)(2), the court informed Shallimi of his right to appeal the sentence. Tr. 13.
 
 
 6
 With regard to the sentence imposed, the district court may use its own discretion in determining the sentence within the guideline range. United States v. Beal, 960 F.2d 629, 636 (7th Cir.), cert. denied, 113 S.Ct. 230 (1992). Therefore, the only issue before the court is whether the range has been properly determined. The court found Shallimi's offense level to be 28. In consideration of Shallimi's acceptance of responsibility under the United States Sentencing Guideline Sec. 3E1.1(b), the court granted Shallimi a two level reduction of his offense level. The offense level was thereby reduced to 26. The district court also concluded that Shallimi's criminal history of category 3 was overstated because it was based on two prior misdemeanors. As a result the court reduced the criminal history to category 2. Combining the offense level of 26 with a criminal history of category 2, the court properly determined that the sentencing guideline range was 70 to 87 months.
 
 
 7
 Counsel suggests that the only potential issue for appeal is whether the district court abused its discretion in refusing to grant another one-level reduction for timely acceptance of responsibility under U.S.S.G. Sec. 3E1.1(b). United States v. Robinson, 14 F.3d 1200 (7th Cir.1994). We agree with counsel that an appeal on this ground would be frivolous. Shallimi's acceptance of responsibility was not timely.[3] Shallimi first appeared before the court on October 30, 1991. He did not enter a plea of guilty until September 30, 1992. By violating a condition of his release and waiting to enter his plea until after numerous pre-trial motions had been addressed, Shallimi spared neither the government nor the district court resources. U.S.S.G. Sec. 3E1.1(b).
 
 
 8
 We find no other meritorious issues for appeal. Therefore, counsel's motion to withdraw is GRANTED and we DISMISS the appeal as frivolous.
 
 
 
 [1]
 After counsel filed his motion to withdraw, we informed Shallimi of his right to respond to the motion, which he did. See Cir.R. 51(a)
 
 
 [2]
 There was no plea agreement in this case
 
 
 [3]
 In his response, Shallimi argues that the district court failed to award him an additional one-level reduction after concluding that he was entitled to it. He relies on the following statement by the district court:
 Acceptance of responsibility has to come in many forms, and I think the timeliness of it is wide open or they wouldn't have given you another point for avoiding trial. So it's got to be something other than putting the government to the test, and I think he's entitled to it.
 Tr. 11. Although the court's statement was ambiguous, it is clear from the record that the court never intended to award Shallimi a three-level reduction. Immediately prior to making the statement quoted above, the district court concluded that Shallimi was entitled to two points and it adjusted his offense level accordingly. Tr. 11. Moreover, at the beginning of the sentencing hearing the court informed the parties that it would likely adopt the probation department recommendation that Shallimi be awarded a two-level reduction. Tr. 3. Finally, in arguing that Shallimi was entitled to the two-level reduction despite his hesitation in accepting responsibility, defense counsel conceded that Shallimi had foreclosed his opportunity to receive the three-level reduction. Tr. 6.