97 F.3d 1454
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Deotis HILL and Lance Hill, Defendants-Appellants.
 Nos. 96-1315, 96-1316.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 29, 1996.
Decided Aug. 29, 1996.
 
 Before CUMMINGS, PELL and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Deotis Hill and his brother, Lance Hill, pleaded guilty to one count of violating 18 U.S.C. § 1951(a), conspiracy to interfere with commerce by robbery. The district court sentenced each defendant to 41 months of imprisonment and 3 years of supervised release. The attorneys who separately represented Deotis and Lance before the district court have moved to withdraw and have submitted briefs in support of their belief that there are no nonfrivolous issues on which to appeal. Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985) (per curiam). This court consolidated the two appeals for disposition. Pursuant to Circuit Rule 51(a), we notified Deotis and Lance of their right to raise any points they believed merited appeal, and they have both done so. Having reviewed their statements, the briefs, and the record, we are satisfied that counsel has diligently searched the record and that there are no appealable issues. We therefore grant the motions to withdraw and dismiss the appeal.
 
 
 2
 Deotis and Lance conspired with Kerry Williams to rob a Brinks guard as he delivered $238,000 in cash to a Wisconsin bank. Lance was aware of the Brinks delivery schedule because he worked at the bank and had helped count the currency. While Deotis waited in a getaway car, Williams entered the bank and attacked the guard with pepper spray in an elevator. This was not the first time the two had met: Williams had joined the guard in the elevator just the day before, apparently in a dry run of the robbery scheme. During the ensuing struggle, the guard shot Williams, seriously wounding him; Williams fled.
 
 
 3
 Deotis drove Williams to a nearby Pick 'N Save store and called 911. When the police and paramedics arrived, they found Williams in a different car that belonged to Lance. Lance, Deotis, and Williams made contradictory and inconsistent statements concerning the circumstances of Williams's injury. In a search of Lance's car, police found a license plate from the abandoned getaway car with Lance's fingerprint on it, a bloody jacket with a bullethole, and a loaded 9-mm. handgun. Lance was arrested for obstructing the investigation of the Williams shooting. Deotis and Williams were later selected by an eyewitness bank employee from a photo array as being the driver and assailant in the failed robbery attempt.
 
 
 4
 Before trial, Deotis moved to suppress the photo identification and several custodial statements that he made after his arrest. Lance similarly moved to suppress the evidence from the warrantless search and the evidence resulting from his allegedly improper arrest. After a lengthy hearing, the magistrate judge recommended that the district court deny the motions. Both Deotis and Lance pleaded guilty several days before trial was scheduled to begin. Their pleas were unconditional and did not preserve any pretrial issues for appeal.
 
 
 5
 During the change of plea hearings, the district court failed to address the effect of any term of supervised release despite the requirement of Federal Rule of Criminal Procedure 11(c)(1). However, both defendants were warned that they faced possible terms of imprisonment of 20 years. As it turned out, they received identical terms of 41 months of imprisonment and 3 years of supervised release, the sum of which is far less than the maximum 20-year term of imprisonment of which they were advised. Therefore, the court's failure to inform the defendants of the effect of a term of supervised release was not prejudicial and provides no basis for appeal. See McCleese v. United States, 75 F.3d 1174, 1180 (7th Cir.1996) (refusing to permit withdrawal of guilty plea where counsel failed to advise defendant that he could receive a term of supervised release); see also United States v. Saenz, 969 F.2d 294, 297 (7th Cir.1992).
 
 
 6
 In his Rule 51 statement, Lance claims that his attorney provided ineffective assistance of counsel because he "did not challenge the arrest, and the search [of the car], and [the] taking of property." But, as discussed above, the record indicates that his attorney did bring such challenges, albeit unsuccessfully. An examination of the record reveals no reason to question either the attorney's performance or the findings below.
 
 
 7
 Lance also claims that his attorney coerced him into pleading guilty with threats of life imprisonment if he went to trial. This claim contradicts Lance's testimony at his change of plea hearing, where he denied that anyone had made any threats or promises to get him to plead guilty. The record of a properly conducted plea hearing is entitled to a presumption of verity, and voluntary responses made by the defendant while under oath are binding. E.g., United States v. Seybold, 979 F.2d 582, 587 (7th Cir.1992), cert. denied, 508 U.S. 979 (1993). Lance has offered nothing that would overcome this presumption.
 
 
 8
 Lance also claims, without elaboration, that his attorney failed to interview witnesses, "did not properly investigate information regarding the case," and failed to inform Lance about all the consequences of pleading guilty. But at his change of plea hearing, when asked whether he was satisfied with his representation. Lance acknowledged that although he and his attorney had had "some disagreements," he "accept[ed] it." Most importantly, Lance's present allegations are far too vague to persuade us that his attorney either was ineffective in counseling him regarding the plea or has overlooked any nonfrivolous grounds for appeal.
 
 
 9
 Lance also might argue that the district court erred in granting a two-level, as opposed to three-level, sentencing reduction under U.S.S.G. § 3E1.1(b). Section 3E1.1(b)(2) entitles a defendant to an additional one-level reduction if he timely notifies the authorities of his intention to enter a plea of guilty. The stated purpose of this provision is to encourage a defendant to enter a plea of guilty early in the proceedings. Given that Lance notified the authorities of his change of plea just five days before his trial was scheduled to start, it would be frivolous for him to argue that the district court erred. See United States v. Wetwattana, No. 95-3316, 1996 WL 474445, at * 4-* 5 (7th Cir. Aug. 22, 1996); United States v. Francis, 39 F.3d 803, 807-08 (7th Cir.1994).
 
 
 10
 Deotis's Rule 51 statement fails to set forth any coherent grounds for appeal other than his general and unsubstantiated dissatisfaction with his attorney's performance. His attorney relates that Deotis expressed interest in challenging the two-level enhancement he received pursuant to section 2B3.1(b)(6)(C) for robbery causing a loss between $50,000 and $250,000, apparently on the theory that the evidence did not show Williams actually intended to rob the Brinks guard. Such an argument would be patently frivolous.
 
 
 11
 Both Lance and Deotis claim that their attorneys are ineffective and request new counsel. However, neither the record nor their statements provide any foundation for the claims of ineffectiveness. Indeed, Deotis and Lance received remarkably light sentences given the seriousness of their crime and the compelling evidence of their guilt. We deny appellants' requests for new counsel.
 
 
 12
 In sum, we conclude that there are no nonfrivolous grounds for appeal in either case. The attorneys' motions to withdraw are GRANTED, and the consolidated appeal is DISMISSED.