96 F.3d 1450
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Craig LEGGISON, Defendant-Appellant.
 No. 95-4077.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 29, 1996.*
Decided Aug. 30, 1996.
 
 Before CUMMINGS, PELL and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written agreement, Craig Leggison pleaded guilty to one count of unlawful possession of more than five grams of a substance containing cocaine base ("crack"), with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). He was sentenced to a term of imprisonment of 120 months for the underlying possession offense and to a one month consecutive term for committing said offense while on pre-trial release pursuant to 18 U.S.C. § 3147. The court further ordered that the 120-month term be served concurrently with a sentence imposed in a separate case, No. 95-10005, for the unlawful possession of a firearm by a felon. After Leggison filed a pro se notice of appeal, Leggison's appellate counsel filed a motion to withdraw, accompanied by a brief supporting his belief that an appeal in this case would be frivolous. Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Although we notified Leggison, pursuant to Circuit Rule 51(a), of his attorney's motion, he has not filed a response. We will grant the motion to withdraw only if we are convinced that the possible issues for appeal are "groundless in light of legal principles and decisions." United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993) (citing McCoy v. Court of Appeals, 486 U.S. 429, 436 (1988)).
 
 I. Issues concerning the Guilty Plea
 
 2
 This court reviews the denial of a motion to withdraw a guilty plea within the framework of Federal Rules of Criminal Procedure 11 and 32. Rule 32(d) provides that "if a motion for withdrawal of a plea of guilty ... is made before sentence is imposed, the court may permit withdrawal of the plea upon a showing by the defendant of any fair or just reason." The decision whether to allow withdrawal of a guilty plea is a matter within the sound discretion of the district court and we will reverse only for an abuse of discretion. United States v. LeDonne, 21 F.3d 1418, 1422 (7th Cir.1994), cert. denied, 115 S.Ct. 584 (1994). Since the Court in Boykin v. Alabama, 395 U.S. 238, 242-44 (1969) established that a guilty plea is invalid unless the defendant enters it knowingly and voluntarily, the involuntariness of a plea is often urged as a fair and just reason for permitting its withdrawal. See, e.g., United States v. Messino, 55 F.3d 1241, 1248 (7th Cir.1995). Hence, "Rule 11 is designed to address the issues the district court must review in determining whether 'a defendant's guilty plea is a voluntary and intelligent choice among the alternative course of action open to him.' " Id. (quoting United States v. Saenz, 969 F.2d 294, 296 (7th Cir.1992)). Having independently reviewed the transcript of the change-of-plea hearing, we conclude that any challenge to the voluntariness of the guilty plea would be groundless and therefore frivolous.
 
 
 3
 On September 14, 1995, Leggison pleaded guilty to the alleged offense pursuant to a written plea agreement and Federal Rule of Criminal Procedure 11(e)(1)(b). This agreement[1] stated that it was a complete agreement and that there was no other agreement, understanding, promise, or condition between Leggison and the United State's Attorney, that Leggison fully understood the charges set forth in the indictment, that he was, in fact, guilty of those charges, and that Leggison agreed to fully cooperate with law enforcement officials concerning the investigation of other persons involved in the distribution of controlled substances.[2] (R. at 16). Concerning sentencing, this agreement stated that Leggison understood that the charge to which he pleaded guilty carried a minimum penalty of five years' and a maximum of forty years' imprisonment, and that he could be sentenced to a consecutive term of ten years' imprisonment for committing the underlying offense while on pre-trial release for another charged offense. Id. Finally, the agreement stated that Leggison understood that he could not withdraw his plea once the district judge accepted it. Id.
 
 
 4
 At the September 14, 1994 hearing during which Leggison entered his change of plea, the district judge asked Leggison several questions concerning his willingness to pelad guilty and to forego a criminal trial. Specifically, the judge asked Leggison whether the plea agreement "fully and completely and accurately sets forth any and all understandings and agreements [Leggison] had with the government about the case." (R. at 19, pp. 4-5). While under oath, Leggison answered affirmatively to this question and answered negatively to the judge's question whether "except for this plea agreement, has anyone made any other or difference promises or assurances to you of any kind in an effort to induce you to plead guilty in this case?" (R. at 19, p. 9).[3]
 
 
 5
 Despite signing this plea agreement and averring that no one "forced" or "coerced" him to plead guilty, and that he did so "voluntarily" id., Leggison subsequently filed pro se a document entitled "request of clearification (sic) on element and nature of giulty (sic) plea," which the court treated as motion to withdraw the guilty plea. (R. at 20). In this pleading, Leggison alleged that his appointed counsel advised him during the Rule 11 change-of-plea hearing to answer negatively to the district court's questions regarding the existence of outside agreements or understandings with the government. (R. at 20). Moreover, Leggison alleged that his plea was conditioned on the government's verbal agreement to recommend to the sentencing court that his sentence for the possession charge be imposed to run concurrently with the term of imprisonment imposed for the offense charged in case number 95-10005 (the felon in possession of an firearm offense). Id.
 
 
 6
 In response to this motion, Leggison's appointed counsel denied these allegations and filed a motion to withdraw. The court allowed the motion and appointed the federal public defender to represent Leggison at a hearing on Leggison's motion to withdraw his guilty plea. (R. at 34). The federal defender apprised the court that he had advised Leggison that serious consequences (the risk of receiving an obstruction of justice enhancement for violating Leggison's cooperation agreement with the government) could befall him as a result of presenting evidence at the hearing. Id. Accordingly, Leggison agreed at the hearing to stand on his motion without presenting any supporting evidence of the allegations made in his motion to withdraw guilty plea. (R. at 34). Based upon the representations made by Leggison and his newly appointed counsel, the district court denied Leggison's motion to withdraw his guilty plea by finding that "there is no factual basis for the defendant's motion" and "that the record does not reflect any fair and just reason for the withdrawal of the plea." (R. at 34).
 
 
 7
 We find that the change-of-plea hearing satisfied the requirements of Rule 11. The court conducted a thorough colloquy to assure that Leggison understood the charges against him, that he was giving up his right to a trial, and that no agreements other than those in the written plea agreement were before the court. The court also ensured that no one forced or compelled Leggison to plead guilty. Nevertheless, Leggison directly contradicted his testimony at the Rule 11 hearing by alleging that he responded at the hearing as his attorney instructed but contrary to his belief about an outside agreement. Under these circumstances, Leggison would face an uphill battle on appeal in attempting to prove that his guilty plea was involuntary since the "presumption of verity" that attaches to a guilty plea is overcome only if a defendant satisfies a heavy burden of persuasion. Messino, 55 F.3d at 1248-49; United States v. Scott, 929 F.2d 313, 315-16 (7th Cir.1991) ("To allow [the defendant] to withdraw his plea because of secret expectations that he harbored in the face of his directly contradictory sworn testimony would undermine the strong societal interest in the finality of guilty pleas."). Here, Leggison presented no evidence in support of his allegations. Hence, he cannot show an abuse of discretion by the district court in finding no just reason for allowing the withdrawal of the guilty plea. Messino, 55 F.3d at 1248 (no abuse of discretion in accepting guilty plea, despite allegations of government coercion, where defendant presented no evidence impinging the voluntariness of the plea); United States v. Seybold, 979 F.2d 582, 586 (7th Cir.1992) (rejecting involuntariness challenge to guilty plea despite defendant's claim, contrary to testimony at plea hearing, that he was subjected to "considerable pressure" to enter the change of plea), cert. denied, 508 U.S. 979 (1993).
 
 
 8
 Leggison could complain, however, that his newly appointed counsel was ineffective in advising him not to present evidence at the hearing. Thus, he could argue that because of an alleged Sixth Amendment impediment, he was deprived of proving that his plea was involuntary. See Seybold, 979 F.2d at 586 (noting that a Sixth Amendment challenge is waived by a guilty plea, "except to the extent that it is a challenge to the knowing and voluntary character of his plea"). However, this claim also fails. First, even if he had presented evidence in support of his allegations, the district court would have had no obligation to consider it. Scott, 929 F.2d at 315-16 (noting that district court may hold defendant to responses made under oath at plea hearing regarding voluntariness of plea and thus need not consider evidence of defendant's secret expectations of consequences of plea). Moreover, considering Leggison's cooperation agreement with the government, the federal defender was within the "wide range of reasonable professional assistance" in advising Leggison to rest on his allegations. See Strickland v. Washington, 466 U.S. 668 (1984); Hill v. Lockhart, 474 U.S. 52 (1985) (confirming Strickland's applicability in proceedings involving guilty pleas). Thus, Leggison cannot show a non-frivolous issue for appeal regarding the voluntariness of his plea.
 
 II. Sentencing Issues
 A. Application of Sentencing Guidelines
 
 9
 Appellate review of a sentence imposed under the guidelines is limited to cases where the sentence is (1) in violation of the law (2) a result of the incorrect application of the guidelines, (3) greater than the sentence specified in the applicable guideline range, or (4) plainly unreasonable and imposed for an offense for which there is no guideline. 18 U.S.C. § 3742(a)(1)-(4). Hence, "[a]bsent an error of law or a misapplication of the guidelines, this court lacks jurisdiction to review sentences within the appropriate guideline range." United States v. Kopshever, 6 F.3d 1218, 1221 (7th Cir.1993); United States v. Solis, 923 F.2d 548, 551 (7th Cir.1991).
 
 
 10
 Our independent review reveal that the guidelines were correctly applied. Leggison pleaded guilty to possessing more than five (5) grams of cocaine base with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Under the Sentencing Guidelines, the applicable base offense level for his offense was correctly determined to be 26. See U.S.S.G. § 2D1.1(c)(7). A three level enhancement was appropriately applied since Leggison committed the offense while he was on pre-trial release for other charges. See 18 U.S.C. § 3147; U.S.S.G. § 2J1.7. As a result of pleading guilty and thus allowing the government to avoid preparing for trial, Leggison received a three-level downward adjustment for Acceptance of Responsibility, pursuant to U.S.S.G. §§ 3E1.1(a) and (b)(2). Hence, Leggison's total offense level was correctly determined to be 26. The PSR calculated Leggison's total criminal history points to be 10. Leggison did not object to the PSR, nor did he object to any of the sentencing factors found by the district court in calculating the sentencing to be imposed. Based on a total offense level of 26 and 10 criminal history points, Leggison's criminal history category is V resulting in an applicable guideline range of one-hundred ten (110) to one-hundred thirty-seven (137) months' imprisonment. U.S.S.G. § 5A.
 
 
 11
 As previously noted, Leggison was sentenced to 120 months' imprisonment to be served concurrently with the sentence imposed in an unrelated case. He also was sentenced to one month consecutive thereto for committing the offense while on pre-trial release for the other case. Thus, the total sentence is within the applicable guideline range. It is inconceivable that Leggison would challenge the concurrent aspect of the 120-month sentence since Leggison's desire for such a sentence is what prompted his motion to withdraw his guilty plea. As counsel notes in his Anders brief, however, Leggison might challenge the district court's decision not to sentence him at the lowest end of the applicable guideline range (110-137). Such a claim would be frivolous. The district court had absolute discretion to decide where, within the applicable range, Leggison should be sentenced.
 
 B. Compliance with Rule 32
 
 12
 We must also determine whether Leggison was sentenced in compliance with Fed.R.Crim.P. 32. Rule 32(a) requires that the district court timely provide the defendant with a copy of the PSR and afford counsel an opportunity to state objections to the report and comment on matters relating to the sentence. Both Leggison and his counsel had an opportunity to read the PSR prior to sentencing. (R. at 33). For the most part, counsel and Leggison agreed with the factual findings in it. Finally, Leggison was advised of his right to appeal his sentence. (R. at 33). Accordingly, any claim based on a violation of Rule 32 would be groundless.
 
 
 13
 For the above-stated reasons, counsel's motion to withdraw is GRANTED and Leggison's appeal is DISMISSED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 This agreement stated that "no threats, promises, or representations have been made, or agreements reached, other than those set forth in this agreement." (R. at 16)
 
 
 [2]
 The government also agreed to recommend to the sentencing court that Leggison receive a downward adjustment for acceptance of responsibility and that he be sentenced at the low end of the guideline range, or the mandatory minimum, whichever is greater. It explicitly reserved the right to make a motion at time of sentencing for a downward departure from the sentencing guideline range and the mandatory minimum sentence, if Leggison were to provide substantial assistance in the future investigation and prosecution of other criminal offenses. (R. at 16)
 
 
 [3]
 The district judge delayed accepting his plea until after the Pre-Sentence Report ("PSR") was prepared and after the expiration of the time period for filing objections to the PSR