103 F.3d 134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alejandro GARCIA, Defendant-Appellant.
 No. 96-2694.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 25, 1996.[1]
Decided Nov. 26, 1996.
 
 Before POSNER, Chief Judge, and MANION, and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Pursuant to a written plea agreement, defendant Alejandro Garcia entered a plea of guilty to possession of two kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 73 months' imprisonment.[2] Defendant's counsel has filed a motion to withdraw and a thorough brief prepared pursuant to Anders v. California, 386 U.S. 738 (1967), finding no issues of merit to be raised on appeal. We sent defendant notice of the motion to withdraw, see Circuit Rule 51(a), and he has not filed a response.[3]
 
 
 2
 In the Anders brief, counsel notes that defendant was caught with the two kilograms of cocaine, and that the government had tape recordings of 28 conversations between defendant and the confidential informant setting up the drug transaction. Defense counsel notes that no potential issues on appeal arise from, for example, the possibility of raising an entrapment since defendant was clearly predisposed to sell cocaine, having been on parole for a prior cocaine offense when he committed the current offense, and since there was no evidence of inducement on the part of the government informant.
 
 
 3
 In regard to sentencing, the record indicates that defendant received a three-level reduction for acceptance of responsibility and there is the possibility of further reduction of sentence in the future for his continued cooperation with the government. Moreover, the government agreed, based on cooperation given by defendant to government agents, not to use the prior 1992 cocaine-related conviction, which saved defendant from facing a substantially increased mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B)(iii). Counsel notes that the district court failed to advise defendant at the plea hearing that he faced a potential supervised release term, but correctly concludes that this is not a reversible error where the defendant is advised of the maximum statutory term of imprisonment and the resulting prison term imposed by the court, plus the supervised release term, do not exceed the statutory maximum term. United States v. Saenz, 969 F.2d 294 (7th Cir.1992). Defendant was advised that he faced a statutory maximum term of 40 years' imprisonment. The district court actually imposed a 73-month term of prison, plus five years' supervised released, which is less than half the 40-year maximum term of which he was advised.
 
 
 4
 Our independent review of the plea hearing transcript, the sentencing hearing transcript, and the record on appeal, see Penson v. Ohio, 488 U.S. 75, 82-83 & n. 6 (1988), reveals no non-frivolous issues for appellate review of either the conviction or the sentence. In addition, we note that defendant pleaded guilty and has not asked to withdraw that plea or otherwise suggested dissatisfaction with the plea. Consequently, no related issues have been preserved or presented for our review.
 
 
 5
 Accordingly, the motion to withdraw is GRANTED, and the appeal is DISMISSED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 The sentencing range was 70 to 87 months
 
 
 [3]
 Defense counsel represents in his September 12, 1996 Anders brief that he sent a similar notice to his client on July 30, 1996, and has received no response. Counsel also notes that while defendant initially indicated he did not wish to appeal, a week later his wife telephoned and stated that defendant now wanted to file an appeal, but specified no particular issues to be raised