116 F.3d 1482
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Philip J. FAIRCHILD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3898.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 13, 1997.*
June 18, 1997.
 
 Appeal from the United States District Court for the Western District of Wisconsin, No. 95-C-0487-C; Barbara B. Crabb, Judge.
 Before POSNER, C.J., and EASTERBROOK and MANION, Circuit Judges.
 
 Order
 
 1
 Philip Fairchild was sentenced to 188 months' imprisonment following his 1990 plea of guilty to drug crimes. That sentence was affirmed on direct appeal. 940 F.2d 261 (7th Cir.1991). Now Fairchild pursues a collateral attack on the conviction and sentence. His principal claim--that a civil forfeiture rendered the criminal conviction a second jeopardy--is doubly barred: first by his plea of guilty, see United States v. Broce, 488 U.S. 563 (1989), and second by the holding of United States v. Ursery, 116 S.Ct. 2135 (1996), that the sequence involved here does not violate the double jeopardy clause.
 
 
 2
 Remaining arguments concern the calculation of the sentence under the Sentencing Guidelines. Here Fairchild encounters two additional obstacles: first, the forfeiture worked by his failure to present his current arguments on direct appeal, see Reed v. Farley, 512 U.S. 339 (1994); second, the holding of Scott v. United States, 997 F.2d 340 (7th Cir.1993), that an error in the application of the Guidelines does not justify collateral review under 28 U.S.C. § 2255. Fairchild tries to avoid both of these obstacles by contending that his appellate lawyer rendered ineffective assistance. But we see no sign of either substandard performance or prejudice. The argument Fairchild believes his lawyer should have made--that the methamphetamine involved was the weak isomer 1-methamphetamine, which at the time led to a lower sentence than an equal weight of d-methamphetamine--founders for lack of any evidence that the drug in question was actually 1-methamphetamine. Indeed, Fairchild has not even asserted that the drug was 1-methamphetamine, and he did not ask the district court for an opportunity to introduce evidence on this subject.
 
 
 3
 Only one more argument calls for comment. The district judge incorrectly advised him, during the colloquy preceding the acceptance of his plea of guilty, that the maximum sentence was 20 years' imprisonment; in fact it was life. Because his actual sentence was less than 20 years, however, this error does not afford a reason to withdraw the plea. United States v. Saenz, 969 F.2d 294, 296-97 (7th Cir.1992). Fairchild's remaining arguments are too insubstantial to require discussion.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)