UNITED STATES of America, Plaintiff–Appellee,

v.

Humberto DE LOS RIOS, Defendant–Appellant.

No. 01–2644.

United States Court of Appeals, Seventh Circuit.

Submitted April 26, 2002.

Decided April 26, 2002.

---

Before COFFEY, MANION, and WILLIAMS, Circuit Judges.

ORDER

In the late 1990s appellant Humberto De Los Rios regularly fronted methamphetamine to a Decatur, Illinois, dealer who sold the drugs and split the profits with the appellant. In March 2001 the appellant pleaded guilty to one count of conspiring to possess more than 50 grams of methamphetamine with intent to distribute, 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii). The district court later sentenced the appellant to 210 months' incarceration and five years' supervised release, and also imposed a $100 special assessment. The appellant's appointed counsel has now moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to discern a nonfrivolous issue for appeal. Because the appellant declined our invitation to file a response, *see* Circuit Rule 51(b), and counsel's *Anders* brief is facially adequate, we limit our review of the record to the potential issues identified in counsel's brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam). Upon review of the record and the potential grounds for appeal discussed in the *Anders* brief, we conclude that an appeal would be frivolous and therefore grant counsel's motion to withdraw and dismiss the appeal.

Counsel first evaluates whether the appellant might contest the voluntariness of his guilty plea by arguing that the district court did not comply with Federal Rule of Criminal Procedure 11. Because the appellant did not move to withdraw his guilty plea, we would review the plea colloquy only for plain error, *see United States v. Vonn*, — U.S. —, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002), employing a "totality of the circumstances" analysis to determine whether any Rule 11 violations would have been likely to affect his willingness to plead guilty, *see United States v. Fernandez*, 205 F.3d 1020, 1024 (7th Cir.2000). The record demonstrates that the district court explained the nature of the charge, the possible penalties, and the various rights that the appellant would waive by pleading guilty. The appellant's representations during the plea colloquy that he understood the charge and the consequences of his guilty plea are presumed truthful. *See United States v. Standiford*, 148 F.3d 864, 868–69 (7th Cir.1998). Moreover, the government presented to the court a specific factual basis that adequately supports each essential element of the drug offense, *see* Fed.R.Crim.P. 11(f), and the appellant agreed that the government would be able to prove the scenario

presented. The court also questioned the appellant to ensure that he was not pressured or coerced to plead guilty, *see* Fed. R.Crim.P. 11(d), and informed the appellant that his sworn testimony at the plea colloquy could be used against him in a future perjury prosecution, *see* Fed. R.Crim.P. 11(c)(5).

The plea colloquy did have certain shortcomings. But it would be frivolous for the appellant to argue on appeal that his guilty plea is invalid because the district court failed to inform him of the effect of supervised release, *see* Fed.R.Crim.P. 11(c)(1); his right to persist in a plea of not guilty, *see* Fed.R.Crim.P. 11(c)(3); or the possibility that the court could depart from the sentencing guidelines, *see* Fed.R.Crim.P. 11(c)(1). The court's failure to address the effect of supervised release could not have prejudiced the appellant—it did advise him that he was subject to a minimum term of five years supervised release (the term he eventually received), and the plea agreement stated that he could be subject to a term of supervised release ranging from five years to life. *See United States v. Saenz,* 969 F.2d 294, 297 (7th Cir.1992) (failure to discuss supervised release was harmless where defendant's sentence, when combined with the term of supervised release, is within maximum sentence made known to the defendant at the time he entered his plea). Likewise, the court's failure to advise the appellant that he could persist in pleading not guilty could not have affected the appellant's decision to plead guilty—the court ensured that the appellant had discussed the plea agreement with his attorney, that he understood the charges against him, that his plea was voluntary, and that the government's summary of the evidence was correct. *See United States v. Akinsola,* 105 F.3d 331, 333–34 (7th Cir.1997) (Rule 11(c)(3) violations did not affect defendant's willingness to plead guilty where plea colloquy substantially covered all aspects of Rule 11). Finally, the court's failure to advise the appellant that it may depart under the sentencing guidelines did not result in prejudice. The plea agreement allowed the appellant to appeal any upward departure, putting him on notice of that possibility. But in any event, the court did not depart from the guidelines when it imposed his sentence, rendering frivolous a potential argument inspired by this violation. Although the failings in the court's plea colloquy did not result in prejudice in this instance, we implore district courts to adhere faithfully to the dictates of Rule 11. Explaining each of the points outlined in the rule ensures that criminal defendants make knowledgeable and informed decisions when pleading guilty.

Counsel also reviews whether the appellant can make any nonfrivolous challenges to his sentence. But as counsel correctly points out, the appellant waived the right to appeal any sentence imposed within the statutory maximum in the written plea agreement, preserving only the right to appeal an upward departure. Moreover, after signing the agreement, the appellant iterated during the plea colloquy that he understood that he was giving up the right to appeal his sentence. Because the plea agreement was knowing and voluntary, and the sentence imposed by the district court was within the statutory maximum with no upward departure, the waiver-of-appeal provision would block appellate consideration of any sentencing issue the appellant might raise. *See United States v. Woolley,* 123 F.3d 627, 632 (7th Cir.1997); *United States v. Wenger,* 58 F.3d 280, 282 (7th Cir.1995).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.