NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 24, 2012
Decided October 26, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-3875

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 10 CR 199-1 |
| JOSE DIAZ, *Defendant-Appellant.* | Ruben Castillo, *Judge.* |

## O R D E R

Jose Diaz was arrested by FBI agents after he and several other men sold methamphetamine to an informant. He pleaded guilty to conspiracy to distribute methamphetamine and admitted during the plea colloquy that the drug amount was at least 50 grams of actual methamphetamine. *See* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii). The district court assigned a base offense level of 34 based on the total drug weight of 330.8 grams, *see* U.S.S.G. § 2D1.1(a), and subtracted three levels for acceptance of responsibility, *see id*. § 3E1.1. The resulting total offense level of 31, combined with Diaz's Category I criminal history, yielded an imprisonment range of 120 to 135 months after factoring in the statutory minimum of 10 years for violations involving 50 or more grams of

actual methamphetamine, *see* 21 U.S.C. § 841(b)(1)(A)(viii); U.S.S.G. ch. 5, pt. A, § 5G1.1(c)(2). The district court gave Diaz the minimum term and imposed five years' supervised release, also the statutory minimum. Diaz filed a notice of appeal, but his newly appointed lawyer has moved to withdraw because he cannot identify a nonfrivolous issue to pursue. *See Anders v. California*, 386 U.S. 738 (1967). Diaz has responded to counsel's submission, *see* CIR. R. 51(b), and we limit our review to counsel's facially adequate brief and Diaz's response, *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Diaz has told appellate counsel that he wants his guilty plea set aside, so counsel first evaluates the prospect of challenging it as involuntary. Diaz did not move to withdraw his guilty plea in the district court, so we would review the plea colloquy only for plain error. FED. R. CRIM. P. 52(b); *United States v. Vonn*, 535 U.S. 55, 62–63 (2002); *United States v. Ali*, 619 F.3d 713, 718–19 (7th Cir. 2010). Counsel recognizes that the plea colloquy was not ideal and identifies several omissions from the admonishments prescribed by Rule 11(b) of the Federal Rules of Criminal Procedure. Counsel notes that the district court failed to apprise Diaz of his right to persist in a plea of not guilty, FED. R. CRIM. P. 11(b)(1)(B), to be represented by appointed counsel throughout the proceedings, FED. R. CRIM. P. 11(b)(1)(D), and to compel the attendance of witnesses at trial, FED. R. CRIM. P. 11(b)(1)(E). Counsel also observes that the district court did not mention its obligation to consider the full range of sentencing factors under 18 U.S.C. § 3553(a), FED. R. CRIM. P. 11(b)(1)(M), and—according to counsel—actually misadvised Diaz about the possible penalties on conviction, FED. R. CRIM. P. 11(b)(1)(H), (I).

About the penalties counsel is off the mark. The number of omissions, though, is still high, but we agree with counsel that those mistakes fall short of plain error. The district court's explanation of the right to a jury trial necessarily put Diaz on notice that he could persist in a plea of not guilty, *see United States v. Lovett*, 844 F.2d 487, 491 (7th Cir. 1988), which Diaz knew already because he had pleaded not guilty at arraignment and stood on that plea until the Rule 11 colloquy, *see United States v. Knox*, 287 F.3d 667, 670 (7th Cir. 2002). Diaz also knew about his right to appointed counsel, since the lawyer with him during the plea colloquy was the second appointed for him during the prosecution. *See Lovett*, 844 F.2d at 491–92. And given the mountain of evidence against him, including audio recordings and a confession after his arrest, there is no reason to think that Diaz would have gone to trial if told that he could compel the testimony of defense witnesses. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008); *United States v. Parker*, 368 F.3d 963, 969 (7th Cir. 2004). Further, the district court's failure to mention the full range of § 3553(a) factors could not have prejudiced Diaz, who was told about the "kinds of sentences available" and the applicability of the sentencing guidelines, *see* 18 U.S.C. § 3553(a)(4), (5). Those were the only sentencing factors that mattered, since the court imposed mandatory minimum terms of

incarceration and supervised release and lacked discretion to impose a lower sentence. *See United States v. Easter*, 553 F.3d 519, 523 (7th Cir. 2009); *United States v. James*, 487 F.3d 518, 530 (7th Cir. 2007).

As for the penalties Diaz faced, the district court did neglect to tell him that he was subject to at least five years of supervised release. Yet counsel correctly surmises that a challenge to the guilty plea based on that omission would be frivolous: The district court told Diaz that he could be imprisoned for ten years to life and then placed on supervised release also possibly for life, and his total sentence of ten years in prison and five years on supervised release falls within this range. *See Schuh*, 289 F.3d at 975; *United States v. Saenz*, 969 F.2d 294, 297 (7th Cir. 1992).

That is the limit of the errors in the plea colloquy. Appellate counsel holds out the possibility that the district court also overstated the minimum and maximum prison terms; the indictment alleges that the conspiracy involved, not 50 or more grams of actual methamphetamine, but "50 grams or more of mixtures and substances containing methamphetamine." That factual assertion turned out to be literally correct though hardly precise: The 330.8 grams of actual methamphetamine was mixed with 1.7 grams of impurities. Had there been no more than 50 grams of actual methamphetamine, Diaz would have been looking at 5 to 40 years in prison, not 10 to life, and at least 4 years of supervised release, not 5. *See* 21 U.S.C. § 841(b)(1)(B)(viii). The threshold of 50 grams was met, however, and thus the possible penalties stated during the plea colloquy were accurate. It may be that the prosecutor's careless drafting ran afoul of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because a drug amount which raises a statutory maximum must be alleged in the indictment. That error, though, could not have undermined Diaz's guilty plea because during the colloquy he admitted that the offense involved 330.8 grams of actual methamphetamine and he was told what his sentence could be. *See United States v. Wallace*, 276 F.3d 360, 369 (7th Cir. 2002); *United States v. Gilliam*, 255 F.3d 428, 434–35 (7th Cir. 2001).

What remains is Diaz's sentence. Counsel correctly concludes that any challenge would be frivolous because Diaz received the shortest terms possible of prison and supervised release. Diaz, for his part, contends that the district court miscalculated his base offense level by acknowledging the drug to be actual methamphetamine when the indictment labeled it as 50 or more grams of a mixture. This argument would be frivolous, however, because the Sentencing Commission has directed sentencing courts to apply the offense level corresponding to the weight of actual methamphetamine in a mixture when doing so will yield a higher offense level. *See* U.S.S.G. § 2D1.1(c) n.B; *United States v. Turner*, 93 F.3d 276, 287 (7th Cir. 1996); *United States v. Molina*, 469 F.3d 408, 414 (5th Cir. 2006).

Diaz also maintains that his former lawyers were ineffective. This claim apparently turns on the belief that counsel should have pressed Diaz's frivolous objection to including all of the actual methamphetamine when calculating the drug quantity. Whatever the theory, a claim of ineffective assistance should be presented on collateral review, where the necessary record can be developed. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005).

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.